## ATLANTIC COAST LINE R. CO. v. UNITED STATES.

### No. K–549.

Court of Claims.
Dec. 8, 1930.

Robert R. Falkner, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (James W. Wideman, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, GREEN, and LITTLETON, Judges.

LITTLETON, Judge.

Plaintiff contends that no interest was collectible on $20,590.49 of the deficiency of $32,056.44 determined by the United States Board of Tax Appeals for the calendar year 1919 for the reason that it had by letter of November 24, 1925, which was written and signed by its general attorney, consented to the inclusion in its income for 1919 of an item of $263,106.06; that this letter constituted a consent to the immediate assessment and collection of the tax due on that item; that, if the amount of the tax upon the income mentioned had been assessed and collected prior to the Revenue Act of 1926 in accordance with its consent, no interest would have been assessible as there was no authority in law to assess such interest prior to 1921 until the enactment of section 283(d) of the Revenue Act of 1926, 26 USCA § 1064(d); that the failure of the Commissioner promptly to assess and collect the amount of tax alleged to have been due should not operate to prejudice its rights.

We think the Commissioner of Internal Revenue correctly assessed and collected the interest in question. The Revenue Act of 1921, section 250(b), 42 Stat. 264, was the first act to require the payment by the taxpayer of interest upon a deficiency assessment other than the usual interest required to be paid upon the filing of a claim for abatement or credit and failure to pay after notice and demand, and for negligence. That act provided for the payment of interest at the rate of one-half of 1 per cent. per month upon the deficiency from the time the tax was due, or, if paid in installments, from the time the installments were due until the date paid. The Revenue Act of 1924, approved June 2, 1924, created the United States Board of Tax Appeals, and gave that Board authority to review the Commissioner's determination of a deficiency. This act gave the taxpayer the right to have the determination of the Commissioner reviewed before being forced to pay the deficiency. When a proceeding was instituted before the Board, the Commissioner could not under section 274(a) assess and collect any portion of the deficiency determined by him until final decision by the Board. If the decision of the Board was unfavorable to the taxpayer, the only recourse was to pay the tax, file a claim for refund, and, upon rejection thereof, to institute suit. The act imposed interest upon deficiencies determined for 1924 and subsequent years from the due date of the tax to the date of assessment.

Section 274 of the Revenue Act of 1926 likewise gave the taxpayer the right to institute a proceeding before the Board of Tax Appeals within sixty days after the mailing by the Commissioner of a notice of his determination of a deficiency, and provided that, except as otherwise provided in subdivion (d) or (f) of section 274 (26 USCA §§ 1048b, 1048d), or in sections 279, 282, or 1001 (26 USCA §§ 1051, 1063, 1071, 1224), no assessment of a deficiency in respect of the tax and no distraint or proceeding in court for its collection should be made or prosecuted until such notice had been mailed to the taxpayer, nor until the expiration of sixty days after such mailing, nor, if a petition should be filed with the Board, until the decision of the Board should become final.

Section 283(d) of the Revenue Act of 1926 (26 USCA § 1064(d) for the first time provided for interest on all deficiencies in tax for years prior to 1921 from the date of the passage of the act, February 26, 1926, to the thirtieth day after the waiver of the right, under section 274(a), 26 USCA § 1048, to take the case to the Board of Tax Appeals is filed or the time the tax is assessed, whichever is the earlier. Section 274(d) of the Revenue Act of 1926 (26 USCA § 1048b) provides that "the taxpayer shall at any time have the right, by a signed notice in writing filed with the commissioner, to waive the restrictions provided in subdivision (a) of this section on the assessment and collection of the whole or

any part of the deficiency." By complying with the provisions of this subdivision, the taxpayer could stop the running of interest on the whole or a part of the deficiency beyond the thirty days after the filing of a waiver or consent if the Commissioner neglected to assess the tax within that time. Unless the letter from the general attorney of the plaintiff to the Commissioner satisfied the requirements of the statutes and left the Commissioner free immediately to assess and collect the deficiency, the action of the Commissioner in assessing and collecting the interest in question was correct. In our opinion the letter of November 24, 1925, was not sufficient to constitute a waiver contemplated by section 274(d) of the Revenue Act of 1926. A waiver that will stop the running of interest must be a clear, unequivocal, and decisive act of the taxpayer amounting to an estoppel on his part further to contest the determination of the Commissioner. The letter of November 24, 1925, was not such a waiver. It was not the act of the plaintiff, but was written and signed by the plaintiff's general attorney. There was nothing in it to inform the Commissioner of Internal Revenue that the deficiency arising from the inclusion of an item of $263,106.06 as income for 1919 could be immediately assessed and collected. So far as appears from the record, the general attorney was not empowered to bind the plaintiff. The Commissioner was not justified under the letter in making an immediate assessment and collection of any portion of the deficiency determined by him prior to the decision by the Board of Tax Appeals. The letter did not state that the plaintiff waived its right of appeal to the Board of Tax Appeals on the item in question, nor did it state that the plaintiff consented to the immediate assessment and collection of the tax. It did not confer upon the Commissioner any right not otherwise given by the statute. The plaintiff was familiar with the contents of a waiver that would authorize the Commissioner immediately to assess and collect, and therefore stop the running of interest. Such a waiver had been executed by the plaintiff on August 9, 1924.

Plaintiff is not entitled to recover, and the petition must be dismissed. It is so ordered.