## JACOB BROS. CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 126.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

R. Kemp Slaughter and Hugh C. Bickford, both of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, and John MacC. Hudson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and George D. Brabson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Commissioner of Internal Revenue mailed to Jacob Bros. Company, the petitioner, on March 11, 1926, a deficiency notice in which was included both his determination of a deficiency upon the return filed by the petitioner for the calendar year 1920 and a deficiency upon the return filed by the petitioner for the calendar year 1921. On April 12, 1926, the Commissioner mailed to the petitioner a notice of a deficiency determined upon the return the petitioner had filed for the calendar year 1919. The petitioner duly filed with the Board of Tax Appeals its petition for a redetermination of the deficiencies for the years 1920 and 1921 and later duly filed its petition for a redetermination of the deficiency for 1919.

Thereafter such proceedings were had that the Board of Tax Appeals did redetermine the deficiencies for the three years and entered its decision as to each year in one document which set forth that the deficiency for 1920 as redetermined by the Board was $23,183.29, that for 1921, $19,360.36, and that for 1919 there was an overpayment of $131.50.

The petitioner, on September 17, 1930, filed its petition to this court for review. It then specifically presented for our consideration the questions of the correct computation of its invested capital for the years 1919 and 1920. In the redetermination of the deficiency for 1921, no excess profits taxes were involved and no assignments of error were filed to raise any question of error as to that year. We held that the Board had erroneously computed invested capital for 1919 and 1920, said nothing about its redetermination of the deficiency for 1921, reversed the order and remanded the cause for further proceedings in accordance with our opinion. See Jacob Bros. Co. v. Commissioner (C. C. A.) 50 F.(2d) 394. .

Our decision was entered June 8, 1931, and our mandate was issued June 24, 1931. On July 2, 1931, the Board made an order requiring the parties to file recomputations in accordance with the mandate and set July 22, 1931, as the date for hearing. On September 16, 1931, the Board entered its decision to the effect that there was a deficiency of $21,545.10 for 1920. On September 21, 1931, it entered its decision as to the year 1919. No action was taken as to the year 1921, and none was requested by either party. Both of these decisions were entered, as stated therein, "in accordance with the mandate of the United States Circuit Court of Appeals for the Second Circuit." Nothing was done either by the Commissioner or by the petitioner to have these decisions corrected within thirty days under the provisions of section 1005 (c) of the Revenue Act of 1926, c. 27, 44 Stat. 110, 26 USCA § 1228 (c). On February 25, 1932, more than five months after these decisions had been entered, the Commissioner filed a motion with the Board of Tax Appeals to enter a decision determining the deficiency for 1921 to be in the same amount it had held it to be before the first petition for review had been filed in this court. The motion was granted, and on June 18, 1932, the Board made an order which duplicated its decision as to the deficiency for 1921 previously entered on April 19, 1930.

When the notice of the determination of the deficiency for 1921 was mailed to the petitioner by the Commissioner in May, 1926, the four-year period of limitation on the assessment and collection of any tax for the year 1921 was, in accordance with the provisions of section 277 (a) (2) of the Revenue Act of 1926 (26 USCA § 1057 (a) (2), about to expire. Less than a week remained. The mailing of this notice, however, suspended the running of the statute of limitations until final decision, and we are now asked to decide when the decision of the Board of Tax Appeals redetermining the deficiency for 1921 became final.

Although the parties by no means agree as to whether the former petition for review was broad enough to cover the redetermination of the deficiency for 1921 or as to whether our previous mandate affected that at all, we think that the action of the Board after our mandate went down and the subsequent inaction of the Commissioner until February 25, 1932, requires the reversal of the order then made, even on the assumption that the former petition for review did include the redetermination of the deficiency for 1921. Accordingly we shall assume, arguendo, that it did, though we do not decide the point. If it did not, it is obvious that the statute of limitations on the assessment and collection

of the 1921 tax ran before our mandate went down. If the question was before us and the deficiency for 1921, as redetermined by the Board, was in any respect affected by our mandate, the best position the Commissioner can take is that the Board made one decision and within the thirty days allowed for correcting the first made another each purporting to be in accordance with the mandate. Neither decision involved the previously determined deficiency for 1921. Whether these decisions are treated as together constituting one decision or as two decisions because each relates to a separate taxable year, the Board did take action purporting to fulfill its duty in accordance with our mandate. Our decision became final after the expiration of the time within which to apply for a writ of certiorari, there being no such application, and the decision, or decisions, of the Board purporting to be in accordance with our mandate became final thirty days after entry. 26 USCA § 1228. If our mandate required the Board to enter its decision anew as to the 1921 deficiency, after its failure to include that in the action it took to comply with our mandate, both the Commissioner and the petitioner had thirty days to institute proceedings to have the correction made. When the Commissioner moved on February 25, 1932, to have a decision entered on the 1921 deficiency the thirty days allowed for correcting the action already taken had long since expired and the Board had no jurisdiction. And, if our decision was in effect either an affirmance of the original decision of the Board as to the 1921 deficiency, or a dismissal of the first petition for review as to that, such part of the original decision of the Board became final when the time for filing a petition for certiorari expired and no petition was filed. Section 1005 (a) (2) of the Revenue Act of 1926 (26 USCA § 1228 (a) (2). So in any event the Board had no jurisdiction to make the order on the motion of February 25, 1932.

Order reversed.