**HORUFF v. UNITED STATES.**
No. 42281.

Court of Claims.
March 4, 1935.

Benjamin H. Saunders, of Washington, D. C. (Frank C. Olive, of Indianapolis, Ind., and Ralph C. Williamson, of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

After plaintiff had filed his original returns for 1920 to 1923, inclusive, and paid the taxes shown thereon to be due, he decided in 1928 to incorporate his business. In the negotiations leading up to the incorporation the bank which had agreed to undertake to sell the stock of the corporation sent accountants to make an audit of plaintiff's business and his books of account. As a result of this audit, errors were discovered in the method employed by plaintiff in handling his inventory. Such errors disclosed that he had underpaid his income taxes for the years in question. As a result plaintiff instructed that amended tax returns for 1920 to 1923 be prepared showing any additional taxes that might be due, together with a full statement concerning the matters giving rise to the additional tax. These returns, to each of which such a statement was attached, were duly executed by plaintiff and filed with the collector, and the additional taxes computed and shown thereon to be due were voluntarily paid to the collector without protest on April 4, 1928, and such taxes, for each of the years, were subsequently duly assessed by the Commissioner on a regular assessment list signed July 12, 1928.

July 12, 1931, plaintiff filed claims for refund of the additional taxes so paid on the sole ground that at the time of payment the period of limitation within which such taxes could have been assessed and collected for such years had expired. The refund claims were rejected.

In the circumstances of this case, we are of opinion that the additional taxes in question do not constitute an overpayment within the meaning of section 607 of the Revenue Act of 1928 (26 USCA § 2607) and that plaintiff is not, therefore, entitled to recover. This case is unlike one where a taxpayer who files his original return and voluntarily pays his tax later finds that such tax was overpaid, and it is also unlike a case where upon determination, assessment, and demand, an additional tax is voluntarily paid, the refund of which is later claimed on the ground that collection was made after the expiration of the period of limitation applicable thereto.

The facts and circumstances in this case constitute, we think, a waiver by plaintiff of his right to rely upon the statute of limitation with respect to the assessment and collection of taxes. The taxpayer's written evidence of his intention not to

stand upon the statutory limitation period was accepted and approved by the Commissioner in writing when he signed the assessment list of such taxes on July 12, 1928. At the time the amended returns and the statements thereto attached were prepared and the additional taxes computed, and at the time such returns were filed and the additional taxes voluntarily paid by plaintiff, he knew that the period of limitation within which such additional taxes could be assessed and collected by demand or distraint had expired. It is well established that the statute of limitation can be effectively waived after the limitation period has run. Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; Helvering v. Newport Co., 291 U. S. 485, 54 S. Ct. 480, 78 L. Ed. 929. And while an amended return standing alone may not be considered as a waiver extending the statutory period of limitation for assessment and collection, Appeal of National Refining Co. of Ohio, 1 B. T. A. 236, and Appeals of Belle R. Weaver et al., 4 B. T. A. 15, in the circumstances of this case it must be assumed that the taxpayer when he voluntarily paid the additional taxes in question intended that the payment should be effective and that he was not paying such amounts for the mere purpose of incurring the expense of having the same returned to him. It is also established that a waiver of the statute of limitation by a taxpayer need not be in any particular form, Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647; Sabin v. United States, 44 F.(2d) 70, 70 Ct. Cl. 574; or that the waiver shall be embraced in a single paper, Eclipse Lawn Mower Co. v. United States, 1 F. Supp. 768, 76 Ct. Cl. 354. And it has been held that a statute of limitation may be orally waived. Appeal of Warner Sugar Refining Co., 4 B. T. A. 5, 9. The making of the voluntary returns and the voluntary payment of the tax by the taxpayer in this case and the subsequent formal acceptance and assessment of the tax by the Commissioner of Internal Revenue give rise to a case analogous to an effective revival of a private debt by a new promise without new consideration. See Stange v. United States, supra.

Moreover, we think, notwithstanding the authority of the Commissioner legally to assess and enforce collection of taxes is limited by the statute, that a taxpayer may make a valid payment of a tax in a case where the statute has run without a formal written waiver as well as with one. If such

a payment is made voluntarily before assessment or demand and the tax is thereafter assessed by the Commissioner and covered into the treasury by the collector, the taxpayer is in no position to complain on the ground that if the Commissioner and the collector had in the first instance compelled him to pay the tax he could recover it if the statute of limitation had run.

On the whole case, we are of opinion that plaintiff is not entitled to recover. The petition must therefore be dismissed. It is so ordered.