## AMICON v. UNITED STATES.
### No. 42482.

Court of Claims.
June 1, 1936.

60

Francis R. Lash, of Washington, D. C. (Raymond A. Lash, of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff seeks to recover the amount of certain deficiency assessments of income tax assessed against him for the years 1920 and 1921, together with certain items of interest that were also assessed against him on these deficiencies for the same years. His action is based upon the fact that no "sixty-day letter" was sent to him notifying him of the proposed assessment and his right to take an appeal to the Board of Tax Appeals, and also that the taxes in controversy were collected after the expiration of the applicable statutory period of limitation.

We are clear that the suit is without merit. While no "sixty-day letter" was sent, the plaintiff was notified that after audit of his books a deficiency had been found and would be entered for assessment. On March 6, 1926, the Commissioner approved the February, 1926, certificate and assessment list of the deficiencies in controversy for the years 1920 and 1921, and, upon notice and demand made March 22, 1926, by the collector to pay these deficiencies, the plaintiff filed an application for extension of time for the payment thereof. This application was granted by the Commissioner on condition that the plaintiff would file a bond guaranteeing payment of the deficiencies. Accordingly, on August 17, 1926, plaintiff filed a bond in the sum of $16,000 for the payment of these deficiencies, and in the latter part of

1926 paid the additional tax, with interest, which had also been assessed thereon.

■■ It is not contended that the taxes in controversy were not assessed within the statutory period as provided by the 1926 act, and the plaintiff is in no position to object to their validity on the ground that he did not receive a 60-day letter. The statutory requirements in respect to this matter could be waived and while the plaintiff filed no formal waiver he did file what amounted to a waiver of the 60-day letter and his right to appeal to the Board when he filed his written consent to the assessment of the deficiency. Further, when the plaintiff was notified that the assessments had been entered in accordance with his consent and a notice and demand for payment thereof was made, he filed and obtained an extension of time and also the privilege of making divided payments on the amount assessed. It will thus be seen that the plaintiff not only advised the Commissioner that he agreed to the assessment, but further informed the Commissioner that he would pay it if given time, and he finally set a seal to this agreement by filing a bond for the payment of the tax.

In Thomaston Cotton Mills v. Rose (C. C.A.) 62 F.(2d) 982, it was held that the failure of the Commissioner to send a 60-day letter to the taxpayer was a mere irregularity of which the taxpayer could not complain after payment of the tax, and in Atkinson v. United States (D.C.) 4 F. Supp. 398, it was held that where the taxpayer was notified in writing of the deficiency assessment and the application of an overassessment for another year thereon, but took no steps to perfect any appeal to the Board of Tax Appeals, or to require the Commissioner to furnish the notice contemplated by the statute, and delayed until four years after to bring a suit on an implied contract for a recovery of the deficiency, he had waived any defect in failing to give the 60-day notice, and also that by consenting to the assessment had made a further waiver. The instant case is even stronger against the plaintiff than the one cited.

■ There is another matter which is fatal to plaintiff's right of recovery in this case. He filed a bond for the payment of the taxes in controversy and afterwards made payment as required by the bond. In many cases it has been held that where a bond has been executed in order to obtain time to pay an assessed tax, the tax must be paid after the delay has been enjoyed. See Maryland Casualty Co. v. United States (C.C.A.) 76 F.(2d) 626, and cases cited therein.

In United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366, 367, 73 L.Ed. 743, it was held that: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had."

In the instant case, plaintiff paid the taxes assessed and therefore it was not necessary to proceed against the bond, but this does not alter the fact that the making of the payments was the condition of the bond. In Bryant-Link Co. v. Hopkins (C.C.A.) 47 F.(2d) 1068, it was held that the fact that the plaintiff paid the tax on demand and thus rendered a suit on the bond unnecessary did not affect the question of law decided in the John Barth Co. Case, supra, where it was held in effect that the taxpayer substituted for his tax liability his contract under the bond.

■ It is also contended on behalf of plaintiff that even if he cannot recover the taxes paid for 1920 and 1921 he is entitled to a refund of the interest paid thereon which was not assessed within the statutory period as a part of the tax and not collected within such period.

It has already been noted that in the John Barth Co. Case, supra, it was held that the taxpayer substituted for his tax liability his contract under the bond; and in the Bryant-Link Co. Case, supra, it was held (following the rule in the John Barth Co. Case) that the bond constituted an independent valid promise to pay the tax found by the Commissioner to be due. In the instant case the condition of the bond was that the plaintiff should pay the tax found to be due by the Commissioner, plus penalty and interest. The interest being covered by the bond, the same rules would apply with reference to its collection as have already been laid down with reference to the collection of the deficiencies in the taxes.

It follows that plaintiff's petition must be dismissed, and it is so ordered.