**AMERICAN PAPER GOODS CO. v. UNITED STATES.**

No. 42617.

Court of Claims.

June 1, 1937.

540

M. Manning Marcus, of Washington, D. C., for plaintiff.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar,

Sp. Assts. to the Atty. Gen., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff bases its claimed right to recover $9,134.11, additional tax for 1920 assessed in August and collected in September, 1928, by credit of a portion of an overpayment allowed for 1918, on certain provisions of the Revenue Act of 1926 (44 Stat. 9) to the effect that the United States Board of Tax Appeals, in addition to the determination of the correctness of a deficiency asserted by the Commissioner, shall determine whether any additional amount or addition to the tax should be assessed if claim therefor is asserted by the Commissioner at or before a hearing, or a rehearing, before the Board; that if the Commissioner mails to a taxpayer a notice of a deficiency and a petition is filed with the Board, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in certain circumstances not material here; that the decision of the Board shall become final upon expiration of the time allowed for the filing of a petition for review (six months after the date of entry of the Board's decision) if no such petition for review has been filed; and that a jeopardy assessment may not be made after the decision of the Board has become final.

If this case were one falling within the provisions of the Revenue Act of 1926 just mentioned, the plaintiff would be entitled to maintain this suit and to recover the amount collected in excess of the tax for 1920 computed in accordance with the decision of the Board (section 284(d) (2) of the Revenue Act of 1926 [44 Stat. 67]). However, there is nothing in any of the statutory provisions relied upon by plaintiff which prohibits the Commissioner from assessing and collecting an additional tax for any year with respect to which the Board of Tax Appeals has made a determination, either before or after the decision of the Board has become final, when the taxpayer consents to the assessment and collection of such additional or second deficiency. This is such a case. In a decision entered December 21, 1927, the Board of Tax Appeals determined an overpayment of $1,-898.27 for 1920 on the issues raised in the proceeding before the Board instituted May 28, 1926, as a result of a deficiency of $1,113.39 theretofore determined by the Commissioner for that year. Thereafter before the decision of the Board of Tax Appeals, which had been entered upon a stipulation of the amount of the overpayment, became final under the statute, an investigation with respect to plaintiff's correct tax liability for the years 1918, 1919, and 1920 was made in connection with the consideration of plaintiff's claims for refund for 1918 and 1919. As a result, an additional tax of $13,444.73 was found to be due for 1920. On April 12, 1928, about four months before the date on which the decision of the Board entered December 21, 1927, became final, plaintiff agreed to the correctness of the additional tax found to be due for 1920 and executed and delivered to the Commissioner a written consent to assessment and collection of this further deficiency of $13,444.73. By reason of this written consent of plaintiff to the assessment and collection of the additional tax, a portion of which is here sought to be recovered, it is clear that the Commissioner could legally assess and collect the same by credit or otherwise within the statutory period of limitation as extended by the waiver without making claim therefor before the Board of Tax Appeals in the proceeding instituted by plaintiff contesting the correctness of the first deficiency of $1,113.39 theretofore determined by the Commissioner for the same year. And the decision of the Board in the proceeding instituted May 28, 1926, with reference to the Commissioner's first determination of a deficiency for 1920 was not, in the circumstances, a bar to assessment and collection. There is nothing in the Revenue Act of 1926 or any subsequent revenue acts which prohibits a taxpayer from paying a tax for any year in excess of the amount computed in accordance with the decision of the Board with respect to such year, nor was it intended by any of the provisions of section 274, Revenue Act of 1926 (44 Stat. 55), that the Commissioner should be prohibited from assessing and collecting a tax for any year in excess of an amount computed in accordance with the final decision of the Board for such year where the taxpayer expressly consents to such assessment and collection. C. F. Horuff v. United States, 9 F.Supp. 1016, 80 Ct.Cl. 761.

For these reasons plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.