**MONJAR v. HIGGINS, Collector of Internal Revenue.**

District Court, S. D. New York.
May 29, 1941.

Frank C. Myers, of New York City, for plaintiff.

Mathias F. Correa, U. S. Atty., Southern District of New York, of New York City (David W. Wainhouse, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This is a civil action against a Collector of Internal Revenue for the recovery of income taxes for the years 1926 and 1927, alleged to have been erroneously or illegally collected under former Section 3226, R.S., now Section 3772, 26 U.S.C.A. Int.Rev. Code.

Rule 12, Federal Rules of Civil Procedure, following Section 723c, Title 28 U.S.C.A. provides: "(b) Every defense * * * shall be asserted in the responsive pleading * * * except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted."

■ Such motion is limited to the pleading and may not be aided by affidavits. Sherover v. John Wanamaker, New York, D.C.N.Y., 1939, 29 F.Supp. 650.

Defendant has moved, before answer, "for an order dismissing the complaint on the ground that this court lacks jurisdiction to entertain same."

The motion, while addressed to the complaint, is also based on affidavits.

■ The plaintiff raises the objection in his brief that the notice of motion does not comply with Rule 7(b) F.R.C.P., in failing to state with particularity the grounds on which it is based. This contention is overruled, for the moving affidavit of Mr. Wainhouse sets the particulars forth in paragraphs 3 and 14, and three briefs have been submitted in plaintiff's behalf: (1) upon the question of jurisdiction: (2) in opposition to the motion, and (3) in reply to the Government's brief. The subject matter has been so fully covered that it does not appear that the plaintiff can reasonably plead surprise or prejudice.

For the purposes of this motion the court assumes the facts to be as set forth in the following paragraphs 1 to 22, inclusive:

1. Plaintiff is a citizen of the United States whose principal place of business at all times hereinafter mentioned has been within the Third Collection District of New York and whose Federal income tax returns for the years 1926 and 1927 were made to the Collector of Internal Revenue for that District.

2. The defendant is a resident and citizen of that District and has been since January 28, 1935, Collector of Internal Revenue for the Third Collection District, and in that capacity collected from plaintiff the several amounts, refund of which is sought in this action.

3. The action arises under the laws of the United States, and particularly under the Revenue Act of 1926, 44 Stat. 9, 26 U.S.C.A. Int.Rev.Acts, page 145 et seq.

4. Plaintiff filed his individual income tax return for the calendar year 1926 on March 15, 1927 and simultaneously paid to the defendant $528.75, the amount shown to be due according to the return.

5. After an investigation by an Internal Revenue Agent, the defendant by a 30-day letter to the taxpayer, proposed the assessment of a deficiency, and at a conference held on Oct. 24, 1929, plaintiff signed a "waiver of right to file petition with the U. S. Board of Tax Appeals" and consented to the assessment and collection of a deficiency for the year 1926 in the sum of $9,939.09, with a penalty in the sum of $496.96, and after notice to the plaintiff, such assessment was made on December 14, 1929, which, with deficiency interest, amounted to $11,543.03.

6. Plaintiff filed his individual income tax return for the calendar year 1927 in the Third Collection District of New York and simultaneously paid to the defendant $731.-27, the amount shown to be due according to the return.

7. After an investigation by an Internal Revenue Agent, a 60-day letter was mailed to the taxpayer by the Internal Revenue Bureau advising its determination of a deficiency of $93,577.85 inclusive of a penalty of 5% amounting to $4,453.78.

8. On Jan. 20, 1930, the plaintiff filed his petition with the U. S. Board of Tax Appeals for re-determination of the deficiency.

9. The case was assigned for hearing before said Tax Board on April 7, 1932, and at the request of the taxpayer was continued from that day to May 31, 1932. On the last-named date the petition of the

taxpayer for a re-determination was dismissed for lack of prosecution and an order of dismissal and upholding the deficiency was entered June 2, 1932.

10. Meanwhile, on May 19, 1932, plaintiff had filed a voluntary petition in and was adjudicated a bankrupt by this court.

11. On June 18, 1932, the Commissioner of Internal Revenue assessed on the June 1932 No. 36 assessment list, P. No. 3, a deficiency tax against plaintiff in the sum of $89,124.07 and $4,453.78 penalty, together with interest to the date of assessment in the amount of $22,770.58, making a total of $116,348.43.

12. On July 8, 1932 the defendant filed proof of claim in the Bankruptcy proceeding for the taxes set forth in the complaint.

13. On July 21, 1932 the defendant was served with a bar order made by the Referee in Bankruptcy appointed in said proceeding. The petition of the Irving Trust Company, appointed Trustee at the first meeting of creditors held June 14, 1932, upon which the bar order was made, states: "That your petitioner is desirous of making partial or total distribution of the estates (probably means assets) and is without knowledge as to the intention of the United States Government to file claim it may have for taxes."

14. Plaintiff has never filed a petition for or received a discharge in bankruptcy.

15. The final report of the Referee in Bankruptcy, dated July 20, 1935, discloses that only $56.03 of the bankrupt's assets came into the hands of the Trustee, of which it disbursed $16.18, and after deducting the Referee's expenses amounting to $36.49, there remained in the estate $3.36, which the Referee recommended be paid to the Trustee as commission.

16. The Referee's report was confirmed by an order of the Bankruptcy Court dated and entered August 30, 1935, and the bankruptcy proceeding was formally closed on or about January 29, 1936, without any further action having been taken with respect to the claim filed on behalf of the Government for taxes.

17. On various dates, beginning about May 28, 1936 and continuing until March 21, 1939, defendant collected from plaintiff and credited to the 1926 income tax deficiency, and interest thereon, 26 payments of $500 each, 5 payments of $1,250 each, and one payment of $999.04, making a total of $20,249.04.

18. On various dates beginning on or about May 28, 1936 and continuing until November 24, 1939, defendant collected from plaintiff and credited to the 1927 income tax deficiency, and penalty and interest thereon, 12 payments of $500 each, 3 payments of $1,250 each, 5 payments of $10,000 each, and one payment of $20,000, making a total of $90,250.

19. On various dates beginning on or about Dec. 9, 1939 and continuing until April 24, 1940, defendant collected from plaintiff and credited to the 1927 income tax deficiency, and penalty and interest thereon, one payment of $9,030.99; one payment of $10,000; three payments of $15,000 each, and one payment of $20,000, making an additional total of $83,030.99.

20. On December 13, 1939, plaintiff filed with defendant a claim for refund of a portion of the 1926 income tax deficiency collected in the amount of $16,749.04, the plaintiff conceding that the first seven collections of $500 each were barred by the Statute of Limitations. This claim was disallowed in full by the Commissioner of Internal Revenue on Sept. 11, 1940.

21. On Dec. 13, 1940, plaintiff filed with the defendant a claim for refund of a portion of the 1927 income tax deficiency collected in the sum of $86,750, the plaintiff conceding that the first seven collections of $500 each were barred by the Statute of Limitations. This claim was disallowed in full by the Commissioner of Internal Revenue on April 29, 1940.

22. On July 24, 1940, plaintiff filed a further claim with the defendant for a refund of the 1927 income tax deficiency collected after Dec. 9, 1939 in the amount of $83,030.99. This claim was disallowed in full by the Commissioner of Internal Revenue on Sept. 28, 1940.

With respect to the plaintiff's claim for refund for the year 1926, the sole contention of the defendant is that the deficiency assessed for that year cannot be challenged "because the taxpayer signed an agreement that the said deficiency could be assessed and collected at any time. Furthermore, the taxpayer signed a waiver of his right to file an appeal to the Board of Tax Appeals."

Plaintiff asserts that this waiver "not only did not bar the right to bring such a

suit as the present, but on the contrary such a waiver was a customary step incident to the exercise by a taxpayer of his option to resort to such a suit rather than to file a petition with the United States Board of Tax Appeals."

The substance of the plaintiff's argument is that this waiver was executed to allow the immediate assessment of the deficiency in order to stop the running of interest during the statutory period and this customary procedure has always been so intended by the taxing authorities.

Section 274 of the Revenue Act of 1926, 44 Stat. 55, 56, 26 U.S.C.A. Int.Rev.Acts, page 203, provides as follows:

"(a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition had been filed with the Board, until the decision of the Board has become final. * * *

"(d) The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subdivision (a) of this section on the assessment and collection of the whole or any part of the deficiency. * * *

"(j) Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, or, in the case of a waiver under subdivision (d) of this section, to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier."

In connection with the defendant's claim that an attack upon the deficiency assessed for 1926 is barred by the execution of the waiver herein, Section 1106(b) of said Act, 44 Stat. 113, 26 U.S.C.A. Int.Rev. Acts, page 318, is pertinent and provides as follows: "(b) If after a determination and assessment in any case the taxpayer has paid in whole any tax or penalty, or accepted any abatement, credit, or refund based on such determination and assessment, and an agreement is made in writing between the taxpayer and the Commissioner, with the approval of the Secretary, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made) (1) the case shall not be reopened or the determination and assessment modified by any officer, employee, or agent of the United States, and (2) no suit, action, or proceeding to annul, modify, or set aside such determination or assessment shall be entertained by any court of the United States."

The provisions of Section 1106(b), above quoted, were subsequently amplified and replaced by the following provisions of Section 606 of the Revenue Act of 1928, 45 Stat. 874, 26 U.S.C.A. Int.Rev.Acts, page 458,

"*Closing Agreements*

"(a) *Authorization.* The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal-revenue tax for any taxable period ending prior to the date of the agreement.

"(b) *Finality of agreements.* If such agreement is approved by the Secretary or the Undersecretary, within such time as may be stated in such agreement, or later agreed to, such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

"(1) the case shall not be reopened as to the matters agreed upon or the agreement modified, by any officer, employee, or agent of the United States, and

"(2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

"(c) Section 1106(b) of the Revenue Act of 1926 is repealed, effective on the expiration of 30 days after the enactment of this Act, but such repeal shall not affect any agreement made before such repeal takes effect."

The waiver conforms with the provisions of Section 274(d) of the Act and expressly states in a footnote that it is not a final closing agreement under Section 606 of the Revenue Act of 1928.

In the case of Atlantic Coast Line R. Co. v. United States, Ct.Cl., 45 F.2d 445, at page 448, in speaking of these waivers, the court said: "A waiver that will stop the running of interest must be a clear, unequivocal, and decisive act of the taxpayer amounting to an estoppel on his part further to contest the determination of the Commissioner."

Compare Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149; Kansas City Southern Ry. Co. v. Commissioner, 8 Cir., 75 F.2d 786; E. E. Atkinson & Co. v. Willcuts, 8 Cir., 52 F.2d 1; Parker Co. v. Commissioner, 5 Cir., 49 F.2d 254; Pennsylvania-Dixie Cement Corp. v. United States, Ct.Cl., 17 F.Supp. 196; American Paper Goods Co. v. United States, Ct.Cl., 19 F.Supp. 537; Amicon v. United States, Ct.Cl., 15 F.Supp. 59.

■ Defendant improperly made this motion to dismiss upon affidavits but in view of the fact that plaintiff has not been prejudiced thereby, I shall treat defendant's motion as one for summary judgment under Rule 56, F.R.C.P.

A reading of the affidavits and exhibits submitted herein reveals a sharp issue of fact as to the existence of the alleged custom and practice of the government with respect to these waivers as asserted by the plaintiff, and also an issue of fact as to the effect intended by the parties to be accorded the waiver herein.

■ In view of these disputed issues of fact, defendant's motion for summary judgment must be denied in order that the factual background of this waiver may be brought before the court and the real intention of the parties disclosed.

The motion to dismiss, based upon this waiver, is, therefore, denied in so far as the year 1926 is concerned.

■ As to the plaintiff's claim for a refund for the deficiency assessed for the year 1927, the defendant's motion to dismiss must be granted for lack of jurisdiction. Plaintiff elected to file an appeal from the assessment for that year with the Board of Tax Appeals and that operated to give that board exclusive jurisdiction over the controversy involved. Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Warren Mfg. Co. v. Tait, D.C., 60 F.2d 982; Continental Petroleum Co. v. United States, 10 Cir., 87 F.2d 91; Brampton Woolen Co. v. Field, 1 Cir., 56 F.2d 23, certiorari denied 287 U.S. 608, 53 S.Ct. 12, 77 L.Ed. 529; Brooks v. Driscoll, 3 Cir., 114 F.2d 426.

■ Plaintiff contends, however, that his adjudication in bankruptcy after the filing of his petition with the Board of Tax Appeals, conferred exclusive jurisdiction of the tax dispute upon the bankruptcy court and, therefore, the subsequent order of the Board dismissing his appeal was a nullity. Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104; Section 282 of the Revenue Act of 1926, 44 Stat. 62, 63, 26 U.S.C.A. Int.Rev.Acts, page 214.

Assuming this contention to be true, plaintiff urges that the bankruptcy court not having passed upon and allowed the defendant's claim filed pursuant to statute (Sec. 282(a) of the Revenue Act of 1926, supra), it was illegal for the defendant to collect this tax from the plaintiff.

There is no occasion to pass upon the question of the exclusive jurisdiction of the bankruptcy court under the facts here presented. It is evident that the jurisdiction of the Board of Tax Appeals was exclusive in the absence of bankruptcy. If jurisdiction is to be found anywhere other than in the Board of Tax Appeals, because of the adjudication in bankruptcy of the plaintiff, it must be in the bankruptcy court. While it happens that the bankrupt's estate has been closed and no proceeding has been had to review the deficiency tax imposed by the taxing authorities, such a review could have been had in

the bankruptcy proceeding, assuming arguendo, that the bankruptcy court had exclusive jurisdiction upon the facts herein. Cohen v. United States, 1 Cir., 115 F.2d 505. The fact that the plaintiff did nothing in the bankruptcy proceeding cannot invest this court with jurisdiction which it did not possess before plaintiff's adjudication in bankruptcy.

Accordingly, defendant's motion to dismiss plaintiff's claim for a refund because of the deficiency tax assessed and collected for the year 1927 must be granted. Settle order on notice.