## MONJAR v. HIGGINS.

District Court, S. D. New York.

May 27, 1942.

See, also, 39 F.Supp. 633.

Frank C. Myers, of New York City (Paul F. Myers and James Craig Peacock, both of Washington, D. C., of counsel), for plaintiff.

Mathias F. Correa, of New York City (William L. Lynch, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

Motion by defendant for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

By his complaint, plaintiff seeks a refund of taxes alleged to have been erroneously or illegally collected from him for the years 1926 and 1927. Only the taxes applicable to 1926 are the subject of this application, the complaint having heretofore been dismissed as to the 1927 taxes. Monjar v. Higgins, D.C.S.D.N.Y.1941, 39 F.Supp. 633.

The facts which are decisive of this motion are not in dispute. On March 15, 1927, plaintiff filed an income tax return for 1926 showing a tax due of $528.75, which he paid. On December 14, 1929, an additional tax was assessed for the year 1926, which, with penalty and interest, amounted to $11,443.03. Prior to this assessment, on October 24, 1929, plaintiff signed a so-called waiver on Form 7858, the meaning and effect of which are not herein involved. See 39 F.Supp. 633, 637. On March 19, 1932, plaintiff was adjudicated a bankrupt. Thereafter, on July 8, 1932, the Collector of Internal Revenue for the Third Collection District of New York filed with the referee in bankruptcy a proof of claim which included the aforesaid assessment plus interest accrued to the date of adjudication.

No objection to the Collector's claim was filed. Neither this claim nor the claim of any other creditor was formally allowed or rejected by the referee. See In re Branner, 2 Cir., 1925, 9 F.2d 883. For lack of assets no distribution was made to creditors. The bankrupt never petitioned for a discharge. On January 29, 1936, the bankruptcy proceeding was closed.

Plaintiff began making installment payments on his 1926 tax on May 28, 1936, and continued at monthly intervals thereafter until the full amount was paid on March 27, 1939. The claim for refund and the institution of this suit followed in due course.

The foundation of the complaint is that the government's claim for taxes was never "allowed" in the bankruptcy proceedings. Consequently, it is argued, its subsequent collection was erroneous or illegal by virtue of Section 282 of the Revenue Act of 1926, 44 Stat. 62, 26 U.S.C.A. Int.Rev.Acts, page 214. That section, which has been superseded by Section 274 of the Internal Revenue Code, 26 U.S.C. A. Int.Rev.Code § 274, read as follows:

"Sec. 282. (a) Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Ter-

ritory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the provisions of subdivision (a) of section 274, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. Claim for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver.

"(b) Any portion of the claim allowed in such bankruptcy or receivership proceeding which is unpaid shall be paid by the taxpayer upon notice and demand from the collector after the termination of such proceeding, and may be collected by distraint or proceeding in court within six years after termination of such proceeding.

"(c) If the amount of such portion of the claim is not paid in full within 10 days from the date of notice and demand from the collector, then there shall be collected as a part of such amount interest upon the unpaid portion thereof at the rate of 1 per centum a month from the date of such notice and demand until payment. Extensions of time for such payment may be had in the same manner and subject to the same provisions and limitations as are provided in subdivision (k) of section 274 in the case of a deficiency in a tax imposed by this title."

Plaintiff relies particularly on subdivision (b), which he would have the court construe as if it read: "Any portion of the claim *not* allowed in such bankruptcy or receivership proceeding * * * shall *not* be paid by the taxpayer * * * and may *not* be collected". The reason suggested by plaintiff for such a construction is that the jurisdiction of the bankruptcy court is exclusive, Section 64, sub. a, of the National Bankruptcy Act of 1898, as amended by the Act of May 27, 1926, 44 Stat. 666, 11 U.S.C.A. § 104, sub. a. Cohen v. United States, 1 Cir., 1940, 115 F.2d 505.

The substance of plaintiff's argument may be summarized thus. After the adjudication in bankruptcy, Section 282 of the Revenue Act of 1926 provided the exclusive remedy for the collection of an unpaid tax; that remedy was limited to the collection of the unpaid balance of a tax claim which had been "allowed" in the bankruptcy proceeding; since the claim under consideration was not allowed, its payment could not have been enforced or demanded.

█ If arguendo we assume the validity of this contention, it adds up to no more than that the Collector could not, by legal proceedings, have enforced the collection of the tax. It does not follow that the tax having been paid the taxpayer may demand its refund. No specific authority for such a proposition has been cited; and the absence of a general principle from which such a legal corollary can be derived is indicated by Lewis v. Reynolds, 1932, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293, where the court said: "An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."

█ True enough Section 3226 of the Revised Statutes (now Section 3772 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code § 3772) provides that a suit for refund of taxes, otherwise proper, "may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress". All this statute accomplishes for the plaintiff is the elimination of one obstacle to his suit. It does not affirmatively create a right of recovery otherwise absent.

Fundamentally the plaintiff has failed to show that the defendant holds money or property which equitably belongs to him. Stone v. White, 1937, 301 U.S. 532, 534, 57 S.Ct. 851, 81 L.Ed. 1265; United States v. Jefferson Electric Mfg. Company, 1934, 291 U.S. 386, 402, 54 S.Ct. 443, 78 L.Ed. 859.

In the light of these authorities it is unnecessary to consider what disposition would be required had the Collector attempted to enforce payment of the tax un-

der Section 282. Nor is there occasion to determine whether the payment made by plaintiff to the Collector was in fact voluntary or whether the waiver signed by plaintiff constituted a consent to the collection of a tax. Likewise, we need not consider whether the claim filed by the Government in the bankruptcy proceeding may be deemed to have been allowed by the referee. The complaint must be dismissed because it fails to show that the defendant holds money which ex aequo et bono belongs to plaintiff.

Motion granted.

Submit order.