## MONJAR v. COMMISSIONER OF INTERNAL REVENUE.

### No. 78.

Circuit Court of Appeals, Second Circuit.

Jan. 31, 1944.

264

James Craig Peacock, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and F. E. Youngman, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States, entered May 11, 1943, denying the petitioner's motion for leave to file a motion to open a default order and to redetermine a deficiency in his income taxes for 1927. Another aspect of this case was before this court a year ago. Monjar v. Higgins, 2 Cir., 132 F.2d 990.

In 1929 the Commissioner determined a large deficiency upon an audit of the petitioner's income tax return, to which he added a delinquency penalty. The taxpayer filed a petition for redetermination which the Commissioner answered and the case was set for hearing before the Board of Tax Appeals. On May 19, 1932, a scant two weeks before the scheduled hearing, the taxpayer was adjudged a voluntary bankrupt, and on the advice of a public accountant licensed to practice before the Board made no appearance at the hearing on May 31, 1932. He says his

failure to appear was due to advice from his counsel that under a very recent regulation promulgated by the Commissioner it was unnecessary for a taxpayer who had been adjudicated a bankrupt to prosecute to conclusion a petition for redetermination pending before the Board. The Commissioner was present by his attorney and, when no one appeared for the taxpayer, moved for a dismissal of the petition. The motion was granted on June 2. The Commissioner thereafter assessed the deficiency plus interest, and filed with the referee in bankruptcy a proof of claim in the amount of $116,348.43. The referee's final report showing receipts and disbursements in trivial amounts was confirmed by the District Court and on January 29, 1936, the bankruptcy proceeding was closed. The bankrupt did not apply for a discharge and none has ever been granted to him. The appellant thereafter made large payments on the deficiency assessment and then filed claims for refund which were rejected. His suit to recover the payments he had made was then brought and dismissed for lack of jurisdiction. Monjar v. Higgins, D. C., 39 F. Supp. 633. On his appeal to this court we affirmed the judgment, holding that under 322 (c) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 436, the suit was barred because the taxpayer had filed with the Board of Tax Appeals a petition for review of the determination of the deficiency assessed against him, and we now refer to that opinion. Monjar v. Higgins, supra. We observed in passing that his only hope for recovery appeared to be an application to the Tax Court to open the default and redetermine the deficiency, but reserved decision as to the availability of that remedy. He followed the suggestion and we now must decide the point before left open.

The Tax Court's order of May 11, 1943, now sought to be reviewed contains only the single word "Denied" and so gives no hint whether the denial was the result of exercise of discretion or was based upon a supposed want of power. Some question is made by the Commissioner as to our jurisdiction to entertain the petition, on the ground that the Tax Court's order was not a "decision" within the meaning of § 1117 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1117, which this court may review. We think it is to be treated for the purpose of

this petition as a decision dismissing a proceeding for lack of jurisdiction and pass at once to a consideration of whether the Tax Court had power to open the default judgment entered in 1932.

The taxpayer relied heavily upon a decision of the fifth circuit, La Floridienne J. Buttgenbach & Co. v. Commissioner, 5 Cir., 63 F.2d 630, 631, holding that in a somewhat analogous case the Board of Tax Appeals could reopen an order redetermining a tax deficiency and reinstate the matter for hearing after the decision had become final under § 1005 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev. Code, § 1140. Without doubt it closely resembles the instant case in several respects, but it likewise contains elements which we think distinguish it. The court specifically declined "to formulate any rule as to the control the Board of Tax Appeals has over its own judgments," and rested its decision upon two "extraordinary circumstances." One of those circumstances which the court felt were important enough to warrant its departing from its usual course was described as the Board's false basis of decision, arising out of a wholly unintended fraud caused by a layman's reliance upon the mistaken advice of a revenue agent. This circumstance finds a parallel in the instant case, it is true. The other one, however, is wholly lacking here. In the Buttgenbach case the petition to set aside the Board's order was based upon a stipulation entered into by the taxpayer and by the Commissioner, and in its discussion of the "extraordinary circumstances" the court noted particularly the agreement of the adverse parties. In the instant case there is no such agreement and the Commissioner in fact opposes the taxpayer's petition. Whether or not the Buttgenbach case was correctly decided on its own unusual facts, we do not think, therefore, that this is one where it should be followed.

■ On the contrary, we are of opinion that this question of the power of the Board of Tax Appeals (and hence of the Tax Court) to reopen its order several years after its entry is a jurisdictional one and must be decided against the petitioner without reference to the circumstances which brought about his delay in seeking relief from the default. In § 1005 (a) of the Revenue Act of 1926, 44 Stat. 110, 26 U.S.C.A. Int.Rev.Code, § 1140, Congress specified in great detail the dates upon which decisions of the Board of Tax Appeals become final, and subparagraphs (1), (2), (3) and (4) enumerated four different situations. Subparagraph (4) was construed in Helvering v. Northern Coal Co., 293 U.S. 191, 55 S.Ct. 3, 79 L. Ed. 281, in which the Supreme Court held without qualification that it lacked power to entertain a petition for rehearing subsequent to the date specified in the statute. In Sweet v. Commissioner, 1 Cir., 120 F. 2d 77, the first circuit reached the same conclusion with respect to subparagraph (3). In Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 726, 49 S.Ct. 499, 503, 73 L.Ed. 918, the Supreme Court said of § 1005 that "the complete purpose of Congress to provide a final adjudication in such proceedings, binding all the parties, is manifest." See also Denholm & McKay Co. v. Commissioner, 1 Cir., 132 F.2d 243.

■ But the latest word on the subject is that of the Seventh Circuit in McCarthy v. Commissioner, 7 Cir., 139 F.2d 20, 22, a case which like the instant one involved the unfortunate reliance of the taxpayer upon counsel. Subparagraph (2) of the statute was there under consideration, and the court held its provisions were mandatory. It said, "Congress has limited the time for applications for any modification of the decision to a period of thirty days after its entry, and provided that the decision 'shall become final' after the expiration of those thirty days in the absence of proceedings by either the taxpayer or the Commissioner to have such decision corrected. This is mandatory. Hence we have no jurisdiction to entertain the taxpayer's petition to review insofar as it relates to the decision of October 15, since that petition was not filed within the 30 days after its entry." We are, therefore, constrained to hold that denial of the motion by the Tax Court was not erroneous.

Order affirmed.