THOMAS BRANNON AND HELEN D.T. BRANNON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brannon v. Commissioner
Docket No. 28235-86.
United States Tax Court
T.C. Memo 1988-472; 1988 Tax Ct. Memo LEXIS 488; 56 T.C.M. (CCH) 371; T.C.M. (RIA) 88472; September 28, 1988; As amended October 6, 1988 Thomas Brannon and Helen D.T. Brannon, pro se. Theodore Leighton,Rose Gole, and Michele A. Missry for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before the Court to decide respondent's Motion to Dismiss for Lack of Jurisdiction, filed November 13, 1987, as supplemented by his Memorandum of Law in Support of Respondent's Motion to Dismiss for Lack of Jurisdiction ("Memorandum") filed March 31, 1988, and petitioners' opposition thereto, entitled "Response to Order," filed July 13, 1988. Respondent's Motion to Dismiss asserts that the petition in this case, filed more than 90 days after mailing of the subject notice of deficiency, is untimely under section 6213(a)[1] and should be dismissed. Respondent further asserts that the case must be dismissed despite the terms of a stipulation filed in petitioner's bankruptcy proceeding which was "so-Ordered" by the Bankruptcy Court, purporting to extend the 90-day statutory period under section 6213(a), and despite the fact that a prior timely petition was erroneously dismissed. We agree. *490 The petition in this case was mailed to the Court on July 7, 1986, and was received by the Court, and file-stamped, July 11, 1986. It relates to six notices of deficiency. Four such notices, one for each year 1980, 1981, 1982 and 1983, were sent to petitioner Thomas Brannon and two notices, one for 1980 and one for 1981, were sent to petitioner Helen D. T. Brannon. All of the notices of deficiency were mailed on February 12, 1985, 510 days prior to the date on which the petition was mailed to the Court. During the hearing on this matter held on December 7, 1987, petitioners directed the Court's attention to the fact that they had filed a petition with the United States Bankruptcy Court for the Eastern District of New York, case no. 883-30232-20, under Chapter 7 of the Bankruptcy Code, 11 U.S.C. Chapter 7. They pointed to the fact that a stipulation, dated February 7, 1986 was executed in that proceeding by petitioners and a representative of the United States Attorney. The stipulation provides in pertinent part as follows: 6. THOMAS BRANNON AND HELEN BRANNON shall file a petition with the Tax Court for determination of their tax liability pursuant to 6213 [sic], Internal *491 Revenue Code, for the taxable years, 1980, 1981, 1982 and 1983, and they shall do the same within 90 days after this stipulation is "so Ordered" by the Bankruptcy Court.
It appears from respondent's Memorandum that the stipulation was "so-Ordered" by the Bankruptcy Court on April 8, 1986, and that the petition in this case was mailed to the Court on July 7, 1986, 90 days thereafter. [2]
Respondent argues that the subject petition is nevertheless untimely. He notes that the automatic stay prohibiting the commencement of a proceeding before this Court following a petition in bankruptcy, 11 U.S.C. section 362 *492 (a)(8) (1983), had been lifted by operation of law on August 31, 1983, by reason of the Bankruptcy Court's denial of a discharge to petitioners. A copy of the Bankruptcy Court's order denying discharge to petitioners is attached as an exhibit to respondent's Motion to Dismiss and is unchallenged by petitioners. 11 U.S.C. section 362(c)(2)(C), as in effect during 1983, provided as follows: (2) the stay * * * under subsection (a) of this section continues until the earliest of -- (A) the time the case is closed; (B) the time the case is dismissed; and (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11 or 13 of this title, the time a discharge is granted or denied. Based upon the information available to the Court at this time, therefore, it appears that the automatic stay was lifted on August 31, 1983, approximately eighteen months before the subject notices of deficiency were mailed to petitioners on February 12, 1985. See Clark v. Commissioner,90 T.C. 68, 70 (1988); Thompson v. Commissioner,84 T.C. 645, 648 (1985). *493 It follows that the statutory period for filing a petition in this Court with respect to such notices of deficiency expired on May 13, 1985, 90 days after the notices were mailed. Section 6213(a). Thus, the time for filing a petition in this Court had expired approximately nine months prior to the date on which the stipulation was executed in the bankruptcy proceeding. It is clear, as we have long held, that the parties cannot lawfully stipulate to extend the statutory period for filing a petition with this Court and, thereby, confer jurisdiction on the Court. Accessories Manufacturing Co. v. Commissioner,12 B.T.A. 467 (1928); Blackstone v. Commissioner,12 B.T.A. 456 (1928); Mohawk Glove Corporaton v. Commissioner,2 B.T.A. 1246 (1925); Ruby v. Commissioner,2 B.T.A. 377 (1925). Further, the Bankruptcy Court is without authority to "so-Order" such an enlargement of time in derogation of section 6213(a). This is clear from section 6213(f) which provides that the running of the statutory period for filing a petition *494 in this Court is suspended during the time the debtor is prohibited from filing a petition by reason of the automatic stay, and for 60 days thereafter. Once the automatic stay is lifted, the petition to this Court must, nevertheless, be timely under section 6213(a). See Thomspon v. Commissioner, supra; McClamma v. Commissioner,76 T.C. 754 (1981). The Senate Committee report on the Bankruptcy Tax Act of 1980 confirms this conclusion as follows: The new statute authorizes the bankruptcy judge to lift the stay and permit the debtor to institute a Tax Court case (if a notice of deficiency has been issued and the period for filing such case has not expired) * * *. [4]
Accordingly, if the bankruptcy court lifted the automatic stay under new 11 U.S. Code section 362 *495 (a)(8), the debtor is not precluded from filing a petition (if timely) in the Tax Court to challenge an asserted prebankruptcy tax deficiency.
S. Rept. No. 96-1035 at 48, 48 n. 4, 49 (1980), 1980-2 C.B. 620, 644. Accordingly, the subject petition, filed beyond the 90-day period prescribed by section 6213(a), must be dismissed on the ground that this Court has no jurisdiction to entertain it. E.g., Olson v. Commissioner,86 T.C. 1314 (1986). The above discussion is sufficient to dispose of this case but not petitioners' complaint. At the hearing on respondent's motion, petitioners made reference to the fact that an earlier petition relating to the same notices of deficiency had been dismissed on the ground that it had been filed while the automatic stay was in effect. In his Memorandum, respondent acknowledges that a prior timely petition had been filed at docket No. 12285-85 (referred to herein as the "prior case") and acknowledges that the Court dismissed such petition based upon respondent's erroneous representation that the automatic stay in bankruptcy under 11 U.S.C. section 362(a)(8) was then in effect. Petitioners *496 answered respondent's motion to dismiss the prior case but made no reference to the lifting of the automatic stay or the Bankruptcy Court's order denying discharge. They objected to dismissal of the prior case on the ground that they "disagreed with all of the stated deficiencies" and wanted the "case to be heard in tax court because petitioners would like deficiencies determined by a tax court, should there by any." Based upon respondent's motion and petitioner's response thereto in the prior case, the Court stated that "There is nothing in the record to indicate that the automatic stay had been lifted by the Bankruptcy Court at the time the petition herein was filed." Accordingly, the Court issued an Order of Dismissal for Lack of Jurisdiction. See Thompson v. Commissioner, supra; McClamma v. Commissioner,76 T.C. 754 (1981). The Order of Dismissal was entered in the prior case, docket No. 12285-85, on September 30, 1985. No appeal was taken from such decision and it became final on December 29, 1985. Sections 7481(a)(1) and 7483. Petitioners now complain that their first petition to obtain redetermination was dismissed on the ground that it *497 was filed too early, during their pending bankruptcy proceeding, whereas their second petition, filed at the time specified by the Bankruptcy Court, is now to be dismissed because it was filed too late. As to the present action, we can only emphasize that we have no discretion to disregard the clear jurisdictional requirements of section 6213(a). The subject petition was simply filed too late and it must be dismissed. E.g., Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). We are not at liberty take into consideration the circumstances which caused the failure of a particular taxpayer to properly invoke our jurisdiction. Axe v. Commissioner58 T.C. 256, 259 (1972); Allen v. Commissioner,29 T.C. 113, 117 (1957); see Monjar v. Commissioner,140 F.2d 263, 265 (2d Cir. 1944). The prior case is not now before us. We note that respondent states in his Memorandum that the proper course of action is for the Court to "entertain a motion to vacate its [prior decision]" *498 and respondent offers to prepare Joint Motions For Leave to File an Untimely Motion to Vacate and a Motion to Vacate the Court's Decision dismissing the prior petition. No such motions are before the Court but we feel constrained to note that it is not at all clear that this Court has jurisdiction, even on the joint motion of the parties, to vacate the prior decision. Compare the cases cited in respondent's Memorandum, Reo Motors, Inc. v. Commissioner,219 F.2d 610 (6th Cir. 1955) and La Floridienne J. Buttgenbach & Co. v. Commissioner,63 F.2d 630 (5th Cir. 1933), with Lasky v. Commissioner,352 U.S. 1027 (1957) (per curiam), affg. 235 F.2d 97 (9th Cir. 1956); Toscano v. Commissioner,441 F.2d 930 (9th Cir. 1971), revg. 52 T.C. 295 (1969); Monjar v. Commissioner,140 F.2d 263 (2d Cir. 1944); Jacob Bros. Co. v. Commissioner,64 F.2d 107 (2d Cir. 1933); Pulitzer v. Commissioner,T.C. Memo. 1987-408. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. ↩
2. Respondent states in his Memorandum that the subject petition was filed "94 days subsequent to the * * * stipulation." He may be suggesting thereby that the actual filing date must be used because section 7502(a)(1) is inapplicable. See Deutsch v. Commissioner,599 F.2d 44 (2d Cir. 1979), affg. an unreported decision of this Court, cert. denied 444 U.S. 1015 (1980); Radding v. Commissioner,T.C. Memo. 1988-250↩. Based upon our disposition of this case, we need not address respondent's contention on this point. 4. * * * However, under P.L. 95-598 the bankruptcy judge is authorized to lift the automatic stay under new 11 U.S. Code section 362 and permit the tax issue to be determined in the U.S. Tax Court (if a case involving the issue is already pending in that Court, or if a deficiency notice has been issued and the period for filing such case has not expired).↩ [Emphasis added.]