ACCESSORIES MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3979. Promulgated June 7, 1928.

*Gerald G. Barry, Esq.*, for the petitioner.
*James W. O'Callaghan, Esq.*, for the respondent.

LOVE: The petitioner herein, referring to the letter advising the taxpayer of the determination of the deficiency appealed from, states:

(2) The deficiency letter (a copy of which is attached) was mailed to the said taxpayer on March 5, 1925.

The respondent's answer admits the allegation contained in the said paragraph (2).

The original petition was filed with the Board on Tuesday, May 5, 1925, which was 61 days after the mailing of the deficiency letter. This computation of time is in accordance with the Board's decision in *United Telephone Co.*, 1 B. T. A. 450.

The respondent answered the petition on the merits, and hearing thereon has been had without any issue being raised as to the Board's jurisdiction in the respect now under consideration.

We held in *Sam Satovsky*, 1 B. T. A. 22, that the Board was without jurisdiction of an appeal filed subsequent to the expiration of 60 days after mailing of a deficiency notice. See also *B. B. Davis & Co.*, 1 B. T. A. 587; *William Frantze & Co.*, 1 B. T. A 26; *Hurst, Anthony & Watkins*, 1 B. T. A. 26; and *Belmont Smokeless Coal Co. v. Board of Tax Appeals*, decided by the Supreme Court of the District of Columbia, December 22, 1925.

In *Alfred C. Ruby*, 2 B. T. A. 377, we held that jurisdiction can not be conferred on the Board by consent or estoppel where it does not exist by statute. See also *Mohawk Glove Corporation*, 2 B. T. A. 1247; and *United Paper Co.*, 4 B. T. A. 257.

The instant case, and all of the decisions above cited, are controlled by section 274 (a) of the Revenue Act of 1924. There is nothing in the Revenue Act of 1926 which affects our determination herein. *United Paper Co., supra.*

In accordance herewith, this appeal is dismissed˙ for lack of jurisdiction.

*Order of dismissal will be entered accordingly.*