COMMUNITY WATER SERVICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

COMMUNITY TELEPHONE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 77560, 77568.   Promulgated February 28, 1935.

*Edward K. Hanlon, Esq.*, and *W. W. Spalding, Esq.*, for the petitioner in Docket No. 77560.

*Samuel H. Horne, Esq.*, for the petitioner in Docket No. 77568.

*W. Frank Gibbs, Esq.*, for the respondent.

### OPINION.

MURDOCK: The above proceedings came on for hearing on the respondent's motion " to consolidate the above entitled appeals with the appeal of Wadsworth Securities Corporation, et al., Docket No. 77559." The prayer of his motion is " that these proceedings be consolidated with the appeal of Wadsworth Securities Corporation et al., Docket No. 77559, which appeal includes these two petitioners as parties, and that the answer of the respondent filed in proceedings Docket No. 77559 constitute an answer, full and complete, to the entire action." There are at present three separate proceedings before the Board, each brought by a different taxpayer, each assigned a different docket number and for each of which a filing fee has been paid. The respondent desires to have all three proceedings consolidated into one at Docket No. 77559.

Action on such a motion must depend upon whether or not something beneficial is likely to result from the granting of it. Thus the moving party should advance some valid reason for the action. The Commissioner makes only one argument in support of his motion. He does not point out any advantage to be gained from the consolidation of these three proceedings into one. He merely argues that his own regulations require the granting of this motion. He refers to the following provisions of article 16 (b) of Regulations 75, as approved June 3, 1929:

The parent corporation shall be for all purposes, in respect of the tax for the taxable year for which a consolidated return is made or is required, the agent of each corporation which during any part of such year was a member of the affiliated group, duly authorized in the name of the parent to act for and represent each such corporation in all matters relating to such tax; the parent corporation shall be the sole agent for such corporations in such matters; and such corporations shall not have authority to act for or represent themselves in any such matter. For example * * * the parent will file petitions and conduct proceedings before the Board of Tax Appeals, and any such petition shall be considered as having also been filed by each such corporation * * *.

He says that these regulations were promulgated pursuant to authority conferred upon him in section 141 (b) of the Revenue Act of 1928.[1] He further states that both the Community Water Service Co. and the Community Telephone Co. were included as members of an affiliated group which filed a consolidated income tax return for the calendar year 1929 in the name of the parent corporation, the Wadsworth Securities Corporation; this return was audited and, on the basis of it, the Commissioner determined a deficiency in income tax; he mailed a notice of deficiency to the Wadsworth Securities Corporation; and that corporation filed a petition with the Board at Docket No. 77559.

There are a number of reasons why these proceedings should be kept separate and we can think of no advantage which would be gained by consolidating them. There was no appearance on behalf of the Wadsworth Securities Corporation at the hearing on the respondent's motion, but counsel appeared at that time for the community Water Service Co. and different counsel appeared at that time for the Community Telephone Co. These counsel stated that none of them in any way represents the Wadsworth Securities Corporation; the latter corporation is hopelessly insolvent; one of the petitioners was affiliated with that parent for a part of the year; the second petitioner was affiliated with that parent for a part of the year, but for no part of the year during which the first petitioner was a member of the affiliated group; and each of the petitioners desires to look after its own interests in these proceedings, which interests, they anticipate, will be different from the interest of the Wadsworth Securities Corporation. It is almost inevitable that the interest of each of these three corporations in the proceedings before the Board will differ materially from the interests of the other two. Thus it is important that each have its own counsel who will appear

---

[1] SEC. 141 (b). *Regulations.*—The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and to prevent avoidance of tax liability.

for it and take care of its particular interests. Yet, the parent corporation is not presently represented and may never be. It is to be noted that if the portions of the regulations of the Commissioner above referred to were to be given full force and effect, the counsel who actually appeared before the Board could not have been heard since the corporations which they represented were not the parent corporation of the affiliated group and, consequently, had no authority under those regulations to act for or represent themselves in any such matter.

The separateness of taxpayers, even though they are affiliated, is shown by the decision of the Supreme Court in *Woolford Realty Co.* v. *Rose*, 286 U. S. 319. Cf. *Delaware & Hudson Co.* v. *Commissioner*, 65 Fed. (2d) 292; certiorari denied, 290 U. S. 670. See also section 274 of the Revenue Act of 1926 in regard to a " taxpayer " proceeding before the Board. The orderly conduct of its proceedings and the effectiveness of its final judgment require that there be a separate proceeding at a separate docket number for each separate taxpayer who contests his tax liability before the Board. The Board consolidates proceedings for certain purposes if it is convinced that, all things considered, such consolidation is advisable, but here it is convinced that the consolidation sought by the Commissioner is not advisable.

Furthermore, it seems clear that the Commissioner, in portions of these regulations, has exceeded the authority conferred upon him by statute and has attempted to encroach upon and unwisely interfere with the statutory authority conferred upon the Board, although perhaps he did not realize they would have that effect. Full enforcement of the portions of the regulations above quoted would result in a material departure from and a modification of the established practice and procedure of the Board. The effect of the regulations is to prescribe rules of practice and procedure and to limit and define the manner in which parties may be represented before the Board. It was provided in section 907 (a) of the Revenue Act of 1924, as amended by section 1000 of the Revenue Act of 1926 and by section 601 of the Revenue Act of 1928, that the " proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe * * *." The Board, having well in mind the problems presented to it, has prescribed rules of practice and procedure under which proceedings before it are to be conducted. It has provided that a proceeding shall be brought by and in the name of the person against whom the deficiency is determined by the Commissioner and the petition shall be verified by the petitioner. The consistent practice has been to require each separate taxpayer

to file a separate petition for each notice of deficiency which has been mailed to that taxpayer. Experience has demonstrated the wisdom of that practice. Each petition filed is assigned a separate docket number and a fee is imposed for the filing of each petition. See section 1000 of the Revenue Act of 1926, amending section 904 of the Revenue Act of 1924. All such matters are peculiarly within the province of the Board. *Bankers Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308; *Commissioner* v. *Kerbaugh*, 74 Fed. (2d) 749. The Commissioner is one of the parties in every proceeding before the Board. The other party is the petitioner, and, if he is a proper petitioner, he is the one who has received a notice of deficiency notifying him that the Commissioner has determined against him a deficiency in tax. If the Board were a court, clearly a party could not prescribe rules of procedure binding upon it. The Board is the tribunal to which these two adverse parties come for a decision of the questions on which they differ. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716; *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320; *Sandy Fox* v. *Commissioner*, 75 Fed. (2d) 183. The Board performs judicial functions. *Goldsmith* v. *Board*, 270 U. S. 117; *Blair* v. *Oesterlein Machine Co.*, 275 U. S. 220, 227; *Uncasville Mfg. Co.* v. *Commissioner*, 55 Fed. (2d) 893, 897; *Underwood* v. *Commissioner*, 56 Fed. (2d) 67, 73; *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320, 323; *American Woolen Co.* v. *White*, 56 Fed. (2d) 716, 718; *Bankers Reserve Life Co.* v. *United States*, 44 Fed. (2d) 1000, 1003. It is an independent agency, made so by statute. Sec. 1000, Revenue Act of 1926, amending sec. 900, Revenue Act of 1924. Obviously the Commissioner may not prescribe rules of practice and procedure for proceedings before the Board, overturn the consistent rulings which have been adopted to obviate confusion and unnecessary difficulties in proceedings before the Board, and thus not only circumscribe his adversary in presenting his case to the Board, but indeed actually prevent such adversary from being heard. The present case demonstrates the confusion to which the enforcement of the Commissioner's regulations would lead. The Commissioner has exceeded his powers in the promulgation of these portions of the regulations, and the Board will not be bound by them.

Thus the only reason advanced by the Commissioner why his motion should be granted is an insufficient reason, no valid reason for granting the motion occurs to the Board and good reasons for denying the motion are apparent. Consequently, the Commissioner's motion is denied.