*688 OPINION.
Keen :
At the time the corporate charter of CJiilhowee Mills, Inc., was surrendered it was agreed that the business of the corporation should be carried on by the stockholders as partners. New books of account were opened in the name of the partnership showing the interest of each stockholder to be that of a partner with an interest in the partnership equivalent to his former stock interest, and the business was carried on in the name of the partnership.
Upon the dissolution of a corporation the stockholders become the real owners of the corporate property, subject to the rights of creditors and the right of the directors and officers of the old corporation to administer it in dissolution under the state statute. 19 C. J. S. § 1730 (c). When stockholders agree to and do carry on the business of a corporation as partners, a partnership is created. Fletcher, Cyc. Corp. (Perm. Ed.) § 8132. In the instant case the stockholders formed such a partnership and their rights to the income from the business became the immediate and direct rights of partners and ceased to be the secondary, derivative rights of stockholders. No *689 formal instrument in writing was drawn up creating the partnership and defining the rights of the partners, but none was necessary. A partnership may be created by oral contract or one implied from the acts of the parties. 47 C. J. 649.
That a partnership may result from the continuation of corporate business after the dissolution of the corporation by the stockholders has been recognized by us in F. D. Keim, 4 B. T. A. 1240, and O. C. Lee, 6 B. T. A. 541 (affd. sub. nom. Carr v. Commissioner, 28 Fed. (2d) 551).
After a careful consideration of all of the evidence contained in the record before us, we conclude that the organization doing business under the name of Chilhowee Mills, against which the deficiency herein was determined, was a partnership the members of which were the stockholders of the corporation, Chilhowee Mills, Inc., then in dissolution, and the income from such business was partnership income and taxable as such.
Bespondent argues that (1) the organization carrying on business under the name of Chilhowee Mills is not a partnership, and (2) the business carried on under that name is in effect a continuation of the affairs of Chilhowee Mills, Inc., after the expiration of its charter, and therefore, under article 1001-2, Begulations 94, and article 901-2, Begulations 101, the income therefrom should be taxed as the income of an association. Having held that the organization carrying on business under the name of Chilhowee Mills was a partnership, we must necessarily conclude that respondent’s second argument has no validity, for if the business carried on was the business of a partnership it could not be the business or affairs of the corporation.
The cases of Roe Stephens Manufacturing Co., 12 B. T. A. 1254, and John Crocker, 32 B. T. A. 861 (affd., 84 Fed. (2d) 64), may be distinguished on their facts. In those cases the business formerly carried on by the corporation was conducted “in the same manner and under the same corporate name that had theretofore been used, and the same books of account and forms of billheads and letterheads were used.”
Bespondent does not make any contention on brief that the partnership, Chilhowee Mills, had so many features similar to a corporation that it should be taxed as an association (see article 1001-4, Begulations 94), nor do we find any facts in the record upon which such a contention could successfully be made.
Having concluded that the business of the Chilhowee Mills was conducted during the taxable years by a partnership composed of the stockholders of Chilhowee Mills, Inc., a corporation in dis *690 solution, the question then arises whether the partnership is properly before us in the instant proceeding and whether we have jurisdiction.
While the partnership income tax returns for the taxable years are not in evidence, there is in the record uncontradicted testimony to the effect that these returns were made on partnership forms and reported the income involved herein as partnership income. It is also evident that the returns were made in the name of “Chilhowee Mills” and not in the name of “Chilhowee Mills, Inc.” The respondent’s determination of deficiency was addressed to “Chilhowee Mills” and we may assume resulted from his consideration of the partnership returns filed under that name. In his determination respondent does not determine that “Chilhowee Mills” is a corporation, but determines that “Chilhowee Mills is taxable as a corporation for the fiscal years under consideration.” (Italics ours.)
Thus we have in this proceeding a determination of deficiency addressed by the respondent to a partnership, holding that the partnership is taxable “as a corporation.” Under such circumstances, the partnership is properly the petitioner. See, among other cases in which this is implicitly recognized, Royal Syndicate, 20 B. T. A. 255, and Glensder Textile Co., 46 B. T. A. 176.
However, if we hold, as we have in this case, that the petitioner is a partnership and not taxable as a corporation, then the-amount of taxable income, as distinguished from the rate of tax, is to be determined in proceedings in which the individual partners are proper parties petitioner.
Therefore, we are foreclosed from the interesting question latent in this case of whether the proceeds from the sale of the assets of Chilhowee Mills, Inc., title to which remained in the corporation, made iii the name of the corporation by the officers and directors as trustees in dissolution pursuant to an option executed before the surrender of the corporate charter and renewed after its surrender by the same officers and directors as trustees acting on behalf of the corporation, are to be considered as the income of the partnership or income taxable as corporate income pursuant to articles 22 (a)-21, and 52-2, Regulations 94; Taylor Oil & Gas Co. v. Commissioner, 47 Fed. (2d) 108; First National Bank of Greeley v. United States, 86 Fed. (2d) 938; Northwest Utilities Securities Corporation v. Helvering, 67 Fed. (2d) 619; Hellebush v. Commissioner, 65 Fed. (2d) 902, affirming 24 B. T. A. 660; Will T. Caswell, 36 B. T. A. 816. The respondent has not determined a deficiency against Chilhowee Mills, Inc., or against its trustees in dissolution.
As we have indicated, the sole question before us under the pleadings is whether petitioner is to be considered, for purposes of tax *691 ation, as a partnership or as an association taxable as a corporation— a question involving the method of taxation and not the amount of taxable income.' Since we have concluded that petitioner is a partnership and is to be considered as such for purposes of taxation,

Decision of no deficiency will be entered.