Leo J. Beacon (Reverend) v. Commissioner.
Leo J. Beacon v. Commissioner
Docket No. 3987.
United States Tax Court
1945 Tax Ct. Memo LEXIS 214; 4 T.C.M. (CCH) 507; T.C.M. (RIA) 45172; May 1, 1945
TURNER Order TURNER, Judge: For good cause, the reason being more fully set forth in the Memorandum attached, it is ORDERED: That the petitioner herein show cause, if any, on or before June 20, 1945, why this proceeding should not be dismissed for lack of jurisdiction. Memorandum [The Facts] On January 14, 1944, the Court received from the petitioner a letter dated January 10, 1944, enclosed in an envelope marked "Air Mail" and bearing the postmark "Bakersfield, Calif., 5 P.M., Jan. 11, 1944". The letter recited that the petitioner was thereby appealing from the respondent's "redetermination of the deficiency," and that he understood that he would have a hearing before a judge independent of the Internal Revenue Department with respect to his tax liability "for a certain account with a stock brokerage *215 firm." The letter contained no assignment of error with respect to the determination of the deficiency, nor any further statement of facts relative thereto. It was not accompanied by a copy of the respondent's notice of deficiency; neither did it give the date of the said notice. By letter dated January 15, 1944, the Clerk of this Court acknowledged receipt of the above letter, pointing out that a petition for redetermination of a deficiency must be filed with the Court within 90 days after the notice of deficiency is mailed to a taxpayer by the Commissioner of Internal Revenue and that neither this Court nor any other agency has any power to extend or expand the time; that in cases where a petition is filed after the expiration of the 90-day period, the respondent (the Commissioner of Internal Revenue) usually moves to dismiss the proceeding for lack of jurisdiction and in such cases an order of dismissal for lack of jurisdiction issues; and that under the circumstances no action would be taken with respect to the docketing of the above letter as an incomplete petition pending receipt of further advice from the petitioner. After some further correspondence the petitioner, on May 1, 1944, filed *216 a further and more complete petition. There is no showing or allegation, however, as to the date the deficiency notice was mailed to petitioner and no copy of the deficiency notice was appended to the petition. On May 24, 1944, the respondent (the Commissioner of Internal Revenue) filed his answer, but raised no question as to the jurisdiction of this Court, by reason of the filing of the petition after the expiration of the 90-day statutory period. On February 19, 1945, the proceeding was called for hearing at Los Angeles, California. At that time and in the course of the hearing, there was placed in evidence a copy of the notice of deficiency mailed to the petitioner, the petitioner admitting that he received the original thereof. The copy of the deficiency notice placed in evidence bears the date of October 15, 1943, and so far as appears from the record, that was the date on which the respondent mailed the original to the petitioner. In Section 272 of the Internal Revenue Code, it is provided that any taxpayer against whom the Commissioner has determined a deficiency and to whom he has sent notice thereof by registered mail, may within 90 days after the *217 notice is mailed file a petition with this Court for redetermination of the deficiency. It is also provided that in such case the Commissioner is prohibited from assessing and collecting the deficiency until the expiration of the 90-day period; and if a petition has been filed with this Court within the 90-day period, until the decision of the Court thereon has become final. The Tax Court of the United States is a court of limited jurisdiction. It has the jurisdiction and power to consider and decide only those cases which fall within its jurisdiction, as specifically outlined and granted by the Congress. By the specific terms of the statute, if the Court is to acquire jurisdiction in the case of any taxpayer, the taxpayer must file his petition with the Court within a period of 90 days after the Commissioner has mailed his notice of deficiency to the taxpayer. The period within which an appeal is to be filed being prescribed by statute, this Court is not permitted to modify the said period or dispense with it even on equitable grounds. Poynor v. Commissioner, 81 Fed. (2d) 521; Chambers v. Lucas, 41 Fed. (2d) 299. That a taxpayer may have mailed his letter *218 by air mail and in what he considers to be sufficient time to reach the Court prior to the expiration of the 90-day period, does not aid him. The mailing of the petition is not the filing thereof, and the fact that air mail may be delayed because of weather or some other condition does not mitigate the requirement of the statute. Estate of Bliss Stebbins v. Helvering, 121 Fed. (2d) 892; Poynor v. Commissioner, supra. It was pointed out in the Poynor case that the time originally allowed for filing a petition was 60 days after the mailing of the notice of deficiency, that Congress thereafter expanded the time to 90 days by the Revenue Act of 1934, and that it may be inferred that the lawmakers extended the time for filing petitions from 60 days to 90 days to take care of reasonably expected delays in the transmission of papers by mail or by other methods of conveyance. Where the petition is not in fact filed within the 90-day period prescribed by statute, the defect in the time of filing cannot be cured. This Court still does not have jurisdiction to hear and decide a proceeding on its merits, even though the defect in filing was not called to its attention *219 at the time of the hearing and hearing was actually had on the merits. See Accessories Manufacturing Co., 12 B.T.A. 467. With respect to the instant case, the first document filed or intended to be filed as a petition for a redetermination of the deficiency was filed with this Court on January 14, 1944. The deficiency notice bears the date of October 15, 1943. If the date of the deficiency notice was the date of its mailing, then the petition received by this Court on January 14, 1944, was received and filed on the ninety-first day after the mailing of the deficiency notice, and not therefore within the time required to give this Court jurisdiction to hear and decide the controversy involved. We cannot assume jurisdiction unless the record shows we have jurisdiction. It will be necessary, therefore, to dismiss the proceeding herein for lack of jurisdiction unless a showing is made within the time prescribed in the order, of which this memorandum is a part, that the deficiency notice was mailed to the petitioner after October 15, 1943, and on such date as to bring January 14, 1944, the date the petition was filed, within the 90-day period prescribed by the statute. *220 Where a petition is not filed within the period prescribed by statute, there is nothing we can do, under the circumstances, unless it is to suggest to the petitioner that he may still pay the-tax deficiencies in controversy and resort to a claim for refund and suit for their recovery.