**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Walter C. BURER and LaVerne S. Stages, Respondents.**

**No. 21197.**

United States Court of Appeals Fifth Circuit.

Jan. 13, 1965.

Rehearing Denied Feb. 23, 1965.

---

I. Henry Kutz, Atty., Dept of Justice, Washington, D. C.

Melva M. Graney, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Sheldon S. Cohen, Chief Counsel, I.R.S., Charles S. Casazza, Alec A. Pandeleon, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., for petitioner.

David G. Copeland, Waco, Tex., for respondents.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

GEWIN, Circuit Judge:

The controversy here presented relates to income taxes for the taxable years 1948, 1950, 1951, and 1952. LaVerne S. Stages,[1] the taxpayer, was married to Walter C. Burer in 1945. They were separated from time to time and were divorced in 1957. They remarried and were again divorced in 1960. For each of the years in question there was filed with the District Director an individual income tax return on the regularly prescribed form. At the top of the first page of the returns were the names "Walter C. Burer" and either "LaVerne S. Burer" or "Mrs. Walter C. Burer". The husband signed his own name to each return. The signatures appearing to be those of LaVerne were not genuine. She did not sign the returns and did not authorize anyone else to sign them for her. They were signed either by Walter or by his secretary at his request. LaVerne filed no separate returns.

A deficiency notice was mailed to "Walter C. Burer and LaVerne S. Burer, husband and wife," wherein deficiencies in income tax and penalties were determined for each of the years mentioned. Thereafter, both taxpayers filed a petition with the Tax Court[2] to contest the deficiencies. This petition was signed by both parties. Later, LaVerne alone filed an amendment to the original peti-

---

1. Formerly LaVerne S. Burer and sometimes referred to in this opinion as LaVerne.

2. Docket No. 65039. Different cases relating to other tax years were consolidated with the instant case in the Tax Court, but the issues raised in those cases are not involved in our present review.

tion claiming that she had not signed any of the returns. LaVerne also contended that there was in existence an agreement that the community property should be the separate property of each, but the Tax Court rejected this contention for lack of proof.

Both taxpayers participated in the hearing before the Tax Court and were represented by different counsel. That Court concluded that the returns which were purportedly filed by both taxpayers were the separate returns of Walter alone and that "the deficiencies and additions to tax determined against her [LaVerne] cannot be sustained." Although LaVerne did not contest the stipulated income of Walter, the Tax Court concluded that it could not determine deficiencies against LaVerne based upon this stipulation, since her liability for the deficiencies under the notice issued by the Commissioner would be joint and several. The Court asserted that "doubtless the Commissioner will have power and authority still to issue deficiency notices for 1948, 1950, 1951, and 1952 as he had done for 1949."[3]

In its decision the Tax Court determined the separate tax liability of Walter, but further stated: "That there are no deficiencies in income tax due from, or overpayments due to petitioner LaVerne S. Stages for the taxable years 1948, 1950, 1951 and 1952." The Commissioner filed a motion to vacate the decision on the ground that LaVerne had unreported community income for the years in question, and that the Tax Court had jurisdiction to determine deficiencies against her. Alternatively, the Commissioner requested that if the Tax Court continued to hold the opinion that it had no jurisdiction, the decision should be vacated and the case against LaVerne dismissed for want of jurisdiction. The motion was denied.[4] The Commissioner now urges that the denial of his motion was improper, assigning the grounds which he asserted below.

Considering the foregoing facts, the Tax Court's conclusion that the returns bearing the purported signatures of Walter and LaVerne actually constituted the individual returns of Walter alone, the fact that each taxpayer participated in the proceedings and retained separate counsel, the failure of LaVerne to contest the stipulated income of Walter, and the fact that Texas community property law governs the determination of income in this case, we disagree with the Tax Court. In our view its decision is inconsistent with its own indication that LaVerne owes taxes for the years 1948, 1950, 1951 and 1952.

The returns were filed in the names of both the husband and wife and appeared to bear the genuine signature of each. The purpose of § 272 (a) (1) of the 1939 Code is to give notice to the taxpayer that a proposed assessment has been made and to furnish an opportunity to have the assessment reviewed by the Tax Court before it becomes effective. Commissioner v. Stewart, 186 F.2d 239, 241 (6 Cir.1951); Boren v. Riddell, 241 F.2d 670 (9 Cir. 1957). In addition to full participation in the proceedings before the Tax Court, each taxpayer testified in his own behalf. Unquestionably, LaVerne entered a full

3. Neither taxpayer filed an income tax return for the year 1949. The income of Walter for the year 1949 was stipulated and the Commissioner issued a separate deficiency notice to LaVerne in which he determined a deficiency against her by finding that one-half of the net community income was her share under Texas law. This determination was upheld by the Tax Court contrary to LaVerne's contention that there was an agreement that the "community of property" was to be the separate property of each.

4. The record discloses that the Commissioner followed the suggestion of the Tax Court and issued a notice of deficiency to LaVerne. LaVerne then filed a petition in the Tax Court contending that the Commissioner is barred from proceeding against her because of the Tax Court's decision that no deficiencies were due. (T.C. Docket No. 1251–62) That case is now pending, but the Tax Court has delayed further consideration of the petition pending decision of the instant case.

and general appearance. We can see no reason why the tax liability of LaVerne could not be determined for the years in question just as it was for the year 1949. Her liability would not be joint and several, because the returns were determined to be the individual returns of Walter. See § 51(b) (1) of the 1939 Code,[5] as amended by § 303, Revenue Act of 1948, 62 Stat. 110. Once that determination was made there would be no basis for holding LaVerne liable for the tax or additions imposed on Walter. See Sullivan v. Commissioner, 256 F.2d 4 (5 Cir.1948).

■ In pertinent part § 272(e) of the 1939 Code confers jurisdiction on the Tax Court to determine the correct amount of a deficiency after notice has been mailed, and "to determine whether any * * * additional amount * * should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing * * *." Since LaVerne had fair and reasonable notice and the opportunity to participate fully in the proceedings, jurisdiction was not lacking. She did not contest the stipulated income of Walter. Rather she relied upon an agreement that the income of each party was separate and not community income under the Texas law, but there was not sufficient proof of the agreement.

■ In its opinion the Tax Court relied on Helfrich v. Commissioner, 25 T.C. 404 (1955) and similar cases.[6] In those cases one of the principal issues was merely whether a joint return had been filed and therefore whether a joint or several liability could be incurred. The court in the instant case reached the correct conclusion that there was no joint or several liability, but such determination was not an impediment to the court having proceeded to determine the separate liability of LaVerne under the facts herein outlined. In Helfrich there was no claim that the petitioner was liable for any deficiency by reason of unreported separate income. The amount of the community income was clear and LaVerne's share could easily be determined under Texas law. See Wood v. Commissioner, 31 T.C. 528 (1958), reversed on other grounds, 274 F.2d 268 (5 Cir.1960).

For the reasons indicated, the decision of the Tax Court is reversed and remanded with directions to determine LaVerne's separate tax liability for the years in question. Such determination may be made in the instant case; and if for any reason it appears appropriate to consolidate Tax Docket No. 1251–62 with the instant case, we see no objection to doing so.[7]

Reversed and remanded.

5. The cited section provides:
  "If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

6. Calhoun v. Commissioner, 23 T.C. 4 (1954); Bour v. Commissioner, 23 T.C. 237 (1954); Federbush v. Commissioner, 34 T.C. 740 (1960).

7. See footnote 4.