**CINCINNATI TRANSIT, INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71–1501.**

United States Court of Appeals,
Sixth Circuit.

Feb. 16, 1972.

Robert S. Brown, Cincinnati, Ohio, for petitioner-appellant; J. W. Brown, Benjamin Gettler, Brown & Gettler, Cincinnati, Ohio, on brief.

Jane M. Edmisten, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee; Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Paul M. Ginsburg, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

The Cincinnati Transit Company filed a timely petition for redetermination of a deficiency proposed by the Commissioner, and it was joined in the petition by Cincinnati Transit, Inc. Cincinnati Transit, Inc. was formed as a wholly-owned subsidiary of Cincinnati Transit Company, and both currently have assets and are doing business in Ohio. Pursuant to an agreement required by a Cincinnati ordinance, all obligations and liabilities of the Transit Company were assumed by Transit, Inc., and it is conceded that the latter will be required to pay whatever deficiency in federal tax liability may be determined against the Transit Company in this case.

The Tax Court, 55 T.C. 879, granted the Commissioner's motion to dismiss Transit, Inc. for want of jurisdiction, and Transit, Inc. appeals.

Section 6213(a), I.R.C.1954, provides that only a taxpayer to whom a notice of deficiency is addressed may file a petition in the Tax Court for a redetermination of the deficiency. The notice of deficiency in this case was not addressed to appellant, but to Cincinnati Transit Company. The dismissal of the petition of Transit, Inc. to join in the petition of Transit Company is, therefore, affirmed.

The Tax Court in its opinion remarked that there is a sound distinction between permitting a third party to "intervene" or file an amicus brief to protect its interest, "which would be discretionary at best under these circumstances, and permitting a party to join as a party petitioner in a proceeding to redetermine someone else's tax liability." The Court, on the argument of this case, directed counsel for petitioner to advise the Court whether it would oppose a petition by Transit, Inc. to intervene. Counsel replied that since there has been no showing that Transit's interests in the Tax Court proceeding would not be adequately protected by its corporate parent, he had serious doubts that intervention would be appropriate, but that counsel would not oppose intervention by Cincinnati Transit, assuming a motion to intervene is filed. However, counsel pointed out that it is within the Tax Court's discretion whether intervention would be permitted.

An order will be entered affirming the decision of the Tax Court.