*Decision will be entered under Rule 50.*

INTERVEST ENTERPRISES, INC., RAND AMERICAN FUND, INC., INTERVEST AND ASSOCIATES, INC., AND LITTLE THEATRE, INC., PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3936–68.   Filed October 10, 1972.

*John Anthony Smith* and *Ralph E. Lerner*, for the petitioners.
*Marlene Gross*, for the respondent.

### SUPPLEMENTAL FINDINGS OF FACT AND OPINION

TANNENWALD, *Judge:* A question has arisen, in connection with the entry of decision under Rule 50, as to the proper disposition to be made in respect of petitioner Little Theatre, Inc.

The deficiency notice herein was mailed to Intervest Enterprises, Inc. It reads in pertinent part as follows:

INTERVEST ENTERPRISES, INC.
*c/o Sidney Farber*
*16 Court Street*
*Brooklyn, New York 11201*
GENTLEMEN:

In accordance with the provisions of existing internal revenue laws, notice is given that the determination of your income tax liability *and that of your affiliated companies* for the taxable years ended January 31, 1963 and January 31, 1964 discloses deficiencies in tax aggregating $121,038.55, additions to the tax for negligence under Code section 6653(a) of $6,005.20 and additions to the tax for delinquency under section 6651(a) of $233.64. The attached statement shows the computation of deficiencies and additions to the tax. [Emphasis added.]

The attached statement reads in pertinent part as follows:

Tax Liability for the Taxable Years Ended
December 31, 1963
December 31, 1964
Returns Examined

| | Form | Years |
|---|---|---|
| Intervest Enterprises, Inc_____ | 1120 | 1/31/63 and 1/31/64 |
| Subsidiary Companies: | | |
|     Rand American Fund, Inc _____ | 1122 | 1/31/63 and 1/31/64 |
|     Intervest & Associates, Inc_____ | 1122 | 1/31/63 and 1/31/64 |
|     Little Theatre Inc_____ | 1122 | 1/31/64 |

*The tax liability of Intervest Enterprises, Inc. and each subsidiary company named above is stated as provided for by the regulations prescribed under Section 1502 of the Internal Revenue Code of 1954.*

INCOME TAX

| Taxable year ended | Deficiency | Negligence, section 6653(a) | Delinquency, section 6651(a) |
|---|---|---|---|
| January 31, 1963_____ | $934.55 | | $233.64 |
| January 31, 1964_____ | 120,104.00 | $6,005.20 | |
|     Total_____ | 121,038.55 | 6,005.20 | 233.64 |

The above deficiencies are based on the adjustments and explanations set forth in detail below.

   \*        \*        \*        \*        \*        \*        \*

*The deficiencies and additions to the tax will be assessed severally against each corporation named above in accordance with the regulations provided under section 1502.*

[Emphasis added.]

The "Explanation of Adjustments" for the taxable year ended January 31, 1964, reads in pertinent part as follows:

Taxable Year Ended January 31, 1964

| | | |
|---|---|---|
| Consolidated taxable income disclosed by return (loss)_____ | | ($98,830.73) |
| Unallowable deductions and additional income: | | |
|   (a) Net operating loss deduction (Little Theatre Inc.) _____ | $229,464.18 | |
|   (b) Net operating loss deduction (Intervest Enterprises, Inc.)_____ | 9,644.00 | |
|   (c) Cost of machinery_____ | 94,033.66 | |
| | | 333,141.84 |
| Consolidated taxable income adjusted_____ | | 234,311.11 |

Explanation of Adjustments

(a) It has been determined that the Little Theatre, Inc. does not qualify for the privilege of filing a consolidated return with Intervest Enterprises, Inc. pursuant to Section 1501 of the Internal Revenue Code of 1954 since 80% of all classes of its stock is not owned by Intervest Enterprises, Inc. or its other subsidiaries as defined in Section 1504 of the Internal Revenue Code. Therefore, taxable income is increased in the amount of $229,464.18.

Attached to the consolidated return for the taxable year ended January 31, 1964, was a Form 1122 entitled "Return of Information and Consent of Subsidiary Corporation Included in a Consolidated Tax Return." The form was signed by Little Theatre, Inc., designating Intervest Enterprises, Inc., as the "common parent corporation," and contained the following:

The above-named subsidiary corporation hereby (1) authorizes the above-named common parent corporation to make a consolidated income tax return on its behalf for the taxable year for which this form is filed and (2) authorizes such common parent corporation (or, in the event of its failure, the Commissioner or the District Director of Internal Revenue) to make a consolidated income tax return on its behalf for each taxable year thereafter for which a consolidated return must be made by the affiliated group under the provisions of the consolidated return regulations.

The above-named subsidiary corporation, in consideration of the privilege of joining in the making of a consolidated return with the above-named common parent corporation, hereby consents to and agrees to be bound by the provisions of the above-mentioned regulations.

A timely single petition was filed by Intervest Enterprises, Inc., Rand American Fund, Inc., Intervest & Associates, Inc., and Little Theatre, Inc., which, among other things, alleged that respondent had erred in determining that Little Theatre, Inc., did not qualify for the privilege of filing a consolidated return with Intervest Enterprises, Inc., and the other corporations for the taxable year ended January 31, 1964.

In our opinion disposing of the substantive issues in this case (T.C. Memo. 1971-245), we sustained respondent's determination that Little Theatre, Inc., was not entitled to file a consolidated return with the other corporations involved herein for the taxable year ended January 31, 1964.

In his original computation submitted under Rule 50, respondent sought entry of decision against *all* of the petitioners in respect of deficiencies in income tax for the taxable years ended January 31, 1963, and January 31, 1964, and an addition to tax under section 6651(a)[1] for the taxable year ended January 31, 1963. Petitioners countered with a proposed decision which accepted respondent's mathematical computations and the entry of decision in respect thereof against Intervest Enterprises, Inc., Rand American Fund, Inc., and Intervest & Associates, Inc., but requested entry of decision of no deficiency in income tax for either of the taxable years in question and no addition to tax for the taxable year ended January 31, 1963, in respect of Little Theatre, Inc. Respondent then filed a motion to dismiss for lack of jurisdiction as to Little Theatre, Inc., and to

---

[1] All references are to the Internal Revenue Code of 1954, as amended.

change the caption accordingly. In support of his motion, respondent asserted that, since we had held that Little Theatre, Inc., was not properly a member of the affiliated group, it necessarily followed that no statutory notice of deficiency could be considered as having been sent to Little Theatre, Inc. Neither petitioner nor respondent draws any distinction between the taxable year ended January 31, 1963, and the taxable year ended January 31, 1964.

The question before us concerns the jurisdiction of this Court. It is clear that such a question is fundamental and must be decided whenever it appears, even, as is the case herein, after the conclusion of the trial. *Abraham Goldstein*, 22 T.C. 1233, 1236 (1954); *Accessories Manufacturing Co.*, 12 B.T.A. 467 (1928). See also *Wheeler's Peachtree Pharmacy, Inc.*, 35 T.C. 177, 179 (1960).

The jurisdiction of this Court can be invoked only by the timely filing of a petition by a taxpayer to whom a notice of deficiency is addressed. Sec. 6213(a). See *Cincinnati Transit, Inc.*, 55 T.C. 879, 882 (1971), affirmed per curiam 455 F.2d 220 (C.A. 6, 1972); *National Committee to Secure Justice, Etc.*, 27 T.C. 837 (1957). At least three essential requirements are involved: (1) A notice, (2) the assertion of a deficiency in that notice, and (3) the sending of the notice to the taxpayer. There is, and can be, no dispute that the first of these requirements has been met. The critical problems arise from the remaining two requirements. We address ourselves, in the first instance, to the taxable year ended January 31, 1964, since our discussion will be dispositive of the taxable year ended January 31, 1963.

Clearly, if we had rejected respondent's contention and had held that Little Theatre, Inc., was a member of the "affiliated group" within the meaning of section 1504, that corporation would have been severally liable for the deficiency in consolidated tax for the taxable year ended January 31, 1964. Sec. 1502; sec. 1.1502–15A, Income Tax Regs. On the other hand, if Little Theatre, Inc., was not a member of the "affiliated group," as respondent claimed in the statement attached to the notice, it was not a proper party to the consolidated return and therefore would not be liable for any portion of the deficiency in consolidated tax.[2] Viewed against this background, it would appear that the respondent in effect determined a conditional deficiency against Little Theatre, Inc.

We are thus confronted with the question whether a notice of conditional deficiency is sufficient to confer jurisdiction on this Court under section 6213(a). We think that it is. Compare *Chilhowee Mills*,

---

[2] Respondent made no attempt to dispute the amount of the net operating loss arising from Little Theatre, Inc.'s activities or to assert any deficiency separately against that corporation.

47 B.T.A. 682 (1942), where a deficiency was determined against the taxpayer "as a corporation," the Court found that the taxpayer was a partnership, and a decision of no deficiency was entered; *Jacob F. Brown*, 18 B.T.A. 859, 867 (1930), where we held valid a deficiency notice which asserted that certain income was taxable "pending a decision by the District Court of Boston." As we stated in *Daniel E. Hannan*, 52 T.C. 787, 791 (1969):

Thus it is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction. [Citations omitted.] Indeed, were this not true, then the absurd result would be that in every case in which this Court determined that no deficiency existed, our jurisdiction would be lost.

Compare *Ross Bowman*, 17 T.C. 681, 685 (1951), wherein we held that respondent could not deprive this Court of jurisdiction by confessing total error in respect of a notice of deficiency.

We think the principle enunciated in *Daniel E. Hannan, supra*, is applicable herein. Examples of situations where respondent takes inconsistent determinations which make it obvious that one determination must be rejected readily come to mind. The disallowance of a deduction by the purchaser of a business of a payment for a covenant not to compete and the assertion of the realization of ordinary income rather than capital gain by the seller is one. The disallowance of the same dependency exemption claimed by both a husband and wife who are divorced and file separate returns is another. No one has ever suggested that this Court loses jurisdiction to make a substantive disposition of *both* claims of respondent in such situations. In short, inconsistent determinations as to two parties to a transaction does not amount to jurisdictional drainage. Compare *Estate of Goodall* v. *Commissioner*, 391 F. 2d 775, 782 (C.A. 8, 1968), reversing on other issues a Memorandum Opinion of this Court; *Margaret W. Galbreath Hendrickson*, 4 T.C. 231, 238–239 (1944).

A similar situation can arise in the context of the requirement that this Court's jurisdiction is confined to the years for which a deficiency is determined. Thus a deficiency based upon a determination that an item is income to a taxpayer in either of the years confers jurisdiction as to *both* years.[3]

The fact that we have held that Little Theatre, Inc., was not a proper party to the consolidated tax return for fiscal 1964 is not determinative. In the first place, the return in question is recognized as a return of the petitioner, at least for certain purposes, e.g., the running of the period of limitations. *General Manufacturing Corp.*, 44 T.C. 513, 522–524 (1965). Beyond this, the signing and filing of a return is not a pre-

---

[3] Cf. *Harry A. Gerrish*, a Memorandum Opinion of this Court dated Aug. 20, 1951.

requisite to a valid deficiency notice; this Court has on innumerable occasions decided cases where no return was filed. Moreover, in the area of purported joint returns and a joint notice of deficiency, a holding that the return was not the return of the wife has not precluded us from entering a decision of no deficiency as to her. *Alma Helfrich*, 25 T.C. 404 (1955), acq. 1956–1 C.B. 4; *Myrtle O. Calhoun*, 23 T.C. 4 (1954), acq. 1954–2 C.B. 3; *Eva M. Manton*, 11 T.C. 831 (1948), acq. 1949–1 C.B. 3. See also *William H. Parsons*, 43 T.C. 378, 393 (1964), acq. 1969–2 C.B. xxv.[4]

Finally, we turn to the question whether the sending of the notice of deficiency to the parent corporation, Intervest Enterprises, Inc., constituted sufficient notice to Little Theatre for the purposes of section 6213(a). Respondent's regulations specifically provide that the common parent shall be "for all purposes * * * in respect of the tax for the taxable year for which a consolidated return *is made* or is required, the sole agent * * * for each corporation which during any part of such year was a member of the affiliated group" and that, among other things, "notices of deficiencies will be mailed only to the common parent, and the mailing to the common parent shall be considered as a mailing to each such corporation." (Emphasis added.) See sec. 1.1502–16A, Income Tax Regs. At the time the consolidated return herein was filed, it was accompanied by a Form 1122, duly executed by Little Theatre, Inc., in which that corporation specifically consented to and agreed to be bound by the consolidated return regulations. Respondent's notice determined deficiencies against Intervest Enterprises, Inc., and its "affiliated companies" and the statement which was part of the notice referred to subsidiary companies (including Little Theatre, Inc., for the taxable year ended January 31, 1964) and asserted tax liability for "each subsidiary company named," as provided by the regulations under section 1502 of the Internal Revenue Code of 1954. There is no question but that the petition herein was duly executed by and filed on behalf of Little Theatre, Inc., within 90 days after the mailing of respondent's notice.

We see no need to dissect the intricacies of the relationship between respondent's regulations and the procedural requirements of this Court. Cf. *Community Water Service Co.*, 32 B.T.A. 164 (1935). The problem herein is one of this Court's jurisdiction under the applicable statute. We think it clear that, at the very least, Little Theatre, Inc., by filing a Form 1122, constituted Intervest Enterprises, Inc., as its agent to receive the notice of deficiency and that, as a consequence, that

---

[4] We have no need in this proceeding to determine whether we would be in a position to determine an actual deficiency against Little Theatre, Inc. Compare *Commissioner* v. *Burer*, 340 F.2d 112 (C.A. 5, 1965), reversing a Memorandum Opinion of this Court. See fn. 2 *supra*.

notice was properly addressed insofar as the taxable year ended January 31, 1964, is concerned. *Anheuser-Busch, Inc.*, 40 B.T.A. 1100, 1109 (1939), affirmed on other grounds 115 F. 2d 662 (C.A. 8, 1940). Cf. *Clement Brzezinski*, 23 T.C. 192 (1954). To be sure, respondent's regulations are couched in terms of a corporation who "was a member of the affiliated group," and our holding that Little Theatre, Inc., was not such a member makes such regulations inapplicable in a literal sense. We note, however, that respondent's regulations refer to situations where "a consolidated return *is made* or is required." (Emphasis added.) See p. 96 *supra*. In any event, we find such a bootstrap analysis unacceptable to the extent that it attempts to annul the Form 1122 as a designation of Intervest Enterprises, Inc., for the purpose of determining whether the notice of deficiency herein was properly addressed so as to satisfy the requirements of this Court's jurisdiction.

With respect to the taxable year ended January 31, 1963, Little Theatre, Inc., did not join in the consolidated return nor did it file a Form 1122 for that year. Respondent's notice referred to that corporation only in respect of the taxable year ended January 31, 1964. Clearly, there was no notice of deficiency as to Little Theatre, Inc., in respect of the taxable year ended January 31, 1963, and this Court is therefore without jurisdiction for that year in respect of that corporation.

In view of the foregoing, insofar as concerns Little Theatre, Inc., a decision of no deficiency will be entered for the taxable year ended January 31, 1964, and the petition will be dismissed for lack of jurisdiction for the taxable year ended January 31, 1963.