SUMERSET PROPERTIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sumerset Properties v. Commissioner
Docket No. 5939-81.
United States Tax Court
T.C. Memo 1981-707; 1981 Tax Ct. Memo LEXIS 36; 43 T.C.M. (CCH) 94; T.C.M. (RIA) 81707; December 15, 1981. Samuel Rosenberg, for the petitioner. Joan R. Domike, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, *37 Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code. [1] The Court agrees with and adopts his opinion, which is set forth below. [2]
OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's cross motion to substitute petitioners nunc pro tunc. These motions were heard in Washington, D.C., on August 12, 1981. The petitioner Sumerset Properties is a limited partnership with one general partner and 32 limited partners. Respondent issued notices of deficiency, under section 6212, variously dated December 22, 23, and 24, 1980, to 11 of the limited partners *38 with respect to the taxable year 1975 of each. The deficiencies in the partners' individual income tax liabilities were apparently based on respondent's disallowance of deductions which they claimed flowed through to them from the partnership. [3] Each of the notices advised the recipient of his right to petition the Tax Court for a redetermination of the deficiency, within 90 days of the mailing date of the notice. The limited partners gave the notices to the general partner, Sidney Feit. On March 19, 1981, shortly before the 90-day period expired, Feit filed a petition listing the partnership as petitioner and contesting the adjustments to partnership income on which the deficiencies in the partners' tax liabilities had been based. The petition was signed by Feit as general partner. No petitions were filed by the partners individually. Respondent now moves for the dismissal of the petition filed on behalf of the partnership on the grounds that no notice of deficiency *39 was received by the partnership (which in any event is not a taxable entity, see sec. 701, I.R.C. 1954; Taylor Brothers v. Commissioner, 9 B.T.A. 877 (1927)), and that, as a result, the Court does not have jurisdiction over the case. Petitioner has filed a cross motion to substitute the general partner and all of the limited partners in place of the partnership as petitioners nunc pro tunc as of the date of the filing of the original petition, asking, in effect, that the Court regard the petition filed by the partnership as though it had been filed by the partners. Inasmuch as no statutory notice of deficiency was issued to either of them, there is clearly no basis for substituting as petitioners either the general partner or the limited partners who were not issued notices of deficiency. Therefore, petitioner's motion will be denied insofar as it concerns them. The remainder of this opinion will deal with that motion insofar as it concerns the 11 partners who did receive notices of deficiency, and the term "partners" will hereinafter refer to them only. The jurisdiction of this Court is limited by section 6213(a) to taxpayers who have filed a timely petition *40 with the Court in response to a notice of deficiency issued to them under the authority of section 6212. Guarino v. Commissioner, 67 T.C. 329, 331 (1976). A similar limitation is contained in Rule 13. The Court, therefore, does not have jurisdiction, as the case now stands, over the partnership, which received no notice of deficiency, or over the partners, who filed no petitions. Rule 41(a) provides that "no amendment shall be allowed after expiration of time for filing the petition * * * which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file." The Note following this Rule provides that "the Court's jurisdiction is limited with respect to * * * the taxpayers whose tax deficiency or liability may be determined." The Note further provides that, in this respect, "a case is fixed by the petition as originally filed or as amended within the statutory period for filing the petition, and thereafter may not be altered by amendment as to any of these areas." 60 T.C. 1089. The statutory period for filing the petition in this case had run before any attempt *41 was made to substitute parties; we are, therefore, precluded by Rule 41 from allowing the petition to be amended to substitute parties as petitioner requests, since this would involve conferring on the Court jurisdiction that it otherwise would not have over the individual tax liabilities of the partners. In support of his motion, petitioner cites the case of Carstenson v. Commissioner, 57 T.C. 542 (1972), in which an imperfect petition was signed only by the taxpayers' neighbor, who had aided them in its preparation. After the statutory period for filing a petition in their case had expired, the taxpayers filed an amended petition, which they signed themselves. The Court held that the neighbor had acted as the authorized agent of the taxpayers and that the amended petition related back to the original petition, which had been timely filed, conferring jurisdiction on the Court. That case is distinguishable from the present one, however, since, in Carstenson, the original petition, although defective as to signature, was brought in the name of the correct parties. The opinion makes it clear, in any event, that it is "entirely discretionary with the Court whether *42 it will accept and file a nonconforming document as a petition." Accordingly, we conclude that petitioner's motion to substitute petitioners should be denied and the respondent's motion to dismiss should be granted. [4] We note that this action will not result in the forfeiture of the partners' rights to contest the deficiencies determined against them; the question of their individual tax liabilities may still be litigated in the District Court or the Court of Claims, where a binding judgment can be rendered, free of any doubt as to the jurisdiction of the tribunal. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended; and all references to "Rules" are to the Tax Court Rules of Practice and Procedure. ↩
2. Since this is a pre-trial motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.
3. Some of the notices also concerned additional taxable years of the recipients. It is unclear whether the deficiencies determined for those other years also resulted from adjustments to partnership income.↩
4. Compare Taylor Brothers v. Commissioner, 9 B.T.A. 877 (1927), in which a motion to dismiss was granted on similar facts, but prior to the adoption of the present Rules. See and compare Chilhowee Mills v. Commissioner, 47 B.T.A. 682↩, 290 (1942).