ENTERTAINMENT SYSTEMS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; HOURGLASS CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Entertainment Sys. v. Commissioner
Docket Nos. 4302-95, 4303-95.
United States Tax Court
T.C. Memo 1995-401; 1995 Tax Ct. Memo LEXIS 403; 70 T.C.M. (CCH) 460; August 21, 1995, Filed *403 An order granting respondent's Motion to Dismiss for Lack of Jurisdiction will be entered in each docket. Robert B. Perry, for petitioner. John S. Repsis, for respondent. DAWSON, Judge. ARMEN, Special Trial Judge DAWSON; ARMEN
MEMORANDUM OPINION DAWSON, Judge: These consolidated cases were assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: Each of these cases is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue common to both cases is whether subsidiary corporations of an affiliated group of corporations filing consolidated *404 Federal income tax returns have the capacity to invoke this Court's jurisdiction. Background
Entertainment Corporation of America (ECA), a Delaware corporation, filed consolidated Federal income tax returns with its subsidiaries, Entertainment Systems, Inc. (Entertainment) and Hourglass Corp. (Hourglass), for its fiscal years ending April 30, 1990, April 30, 1991, and April 30, 1992. Entertainment is a corporation organized in Nevada with its principal place of business in Baton Rouge, Louisiana. Hourglass is a corporation organized in Delaware with its principal place of business in Baton Rouge, Louisiana. Respondent issued a notice of deficiency in which she determined deficiencies in and additions to the Federal income taxes of ECA and its affiliated corporations for the taxable years and in the amounts as follows: Addition To Tax
Taxable Year Ending
Deficiency
Sec. 6661
April 30, 1990
$ 75,554
$ 11,333.00
April 30, 1991
202,382
50,596.00
April 30, 1992
222,819
--  The notice of deficiency includes a statement that the tax liability set forth therein will be assessed severally against each of the affiliated corporations in accordance with the *405 regulations prescribed under section 1502. Entertainment and Hourglass are identified as ECA's subsidiaries in the deficiency notice. ECA subsequently invoked this Court's jurisdiction by filing a timely petition for redetermination at docket No. 4301-95. [2] At the same time, the Court received and filed separate petitions for Entertainment and Hourglass. As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction in each docket on the ground that Entertainment and Hourglass lack capacity to file a petition with this Court. Respondent contends that because Entertainment and Hourglass are part of an affiliated group of corporations *406 that filed consolidated returns for the years in issue, the only entity authorized to file a petition herein is ECA -- the common parent and exclusive agent of its subsidiaries. See J & S Carburetor Co. v. Commissioner, 93 T.C. 166 (1989); sec. 1.1502-77(a), Income Tax Regs.
Entertainment and Hourglass object to respondent's motions to dismiss. They contend that because they are specifically identified in the notice of deficiency issued to ECA, they must be permitted to file petitions with this Court in order to protect their respective interests. Entertainment and Hourglass rely heavily on Community Water Serv. Co. v. Commissioner, 32 B.T.A. 164 (1935), as authority for their position. Discussion
The question presented in these cases is whether Entertainment and Hourglass, members of an affiliated group of corporations filing consolidated income tax returns for the taxable years in issue, possess capacity to invoke this Court's jurisdiction. As explained in more detail below, we agree with respondent that ECA is the exclusive representative, or so-called sole agent, for Entertainment and Hourglass in proceedings *407 before this Court. Accordingly, we will grant respondent's motions and dismiss the petitions filed by Entertainment and Hourglass for lack of jurisdiction. We note at the outset that, as a general rule, questions of capacity to bring an action in this Court are governed by Rule 60. In the present cases, however, the question of capacity is governed by Federal statutory and regulatory law. In this regard, section 1501, which authorizes the filing of consolidated income tax returns by affiliated corporations, provides in pertinent part as follows: An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. * * *
*408 In conjunction with the foregoing, section 1502 authorizes the Secretary to prescribe such regulations as may be deemed necessary so that the tax liability of an affiliated group may be returned, determined, computed, assessed, collected, and adjusted in such a manner as clearly to reflect the income tax liability. Pursuant to the authority granted by section 1502, the Secretary promulgated section 1.1502-77(a), Income Tax Regs. This section provides in pertinent part as follows: (a) Scope of agency of common parent corporation. The common parent * * * shall be the sole agent for each subsidiary in the group, duly authorized to act in its own name in all matters relating to the tax liability for the consolidated return year. Except as provided in the preceding sentence, no subsidiary shall have authority to act for or to represent itself in any such matter. For example, * * * the common parent will file petitions and conduct proceedings before the Tax Court of the United States, and any such petition shall be considered as also having been filed by each such subsidiary. * * * [Emphasis added.]
Under the regulation, therefore, the common parent of an affiliated group *409 of corporations filing a consolidated return, as the sole agent for the group, is the only entity authorized to file petitions in, and conduct proceedings before, this Court on behalf of the group. Equally pertinent is section 1.1502-6(a), Income Tax Regs., which, although not cited by Entertainment and Hourglass, is obviously the source of their concern over respondent's motions to dismiss. This section provides that each member of an affiliated group of corporations is severally liable for the entire amount of any deficiency in tax determined in respect of a consolidated income tax return. We have had occasion to interpret and apply the foregoing provisions in circumstances substantially similar to those presented in the present cases. Specifically, in J & S Carburetor Co. v. Commissioner, supra, we interpreted section 1.1502-77(a), Income Tax Regs., to proscribe the filing of a petition by the subsidiaries of an affiliated group of corporations that had filed a consolidated return for the years in issue. We arrived at this conclusion notwithstanding the fact that the affiliated group's common parent was involved in a bankruptcy proceeding and *410 was therefore precluded from filing a petition with this Court by virtue of the automatic stay under 11 U.S.C. section 362(a)(8) (1982). As we observed in J & S Carburetor Co. v. Commissioner, supra at 169, section 1.1502-77(a), Income Tax Regs., is legislative in character and, accordingly, is entitled to great weight. See sec. 1502. Significantly, neither Entertainment nor Hourglass questions the validity of the regulation. Giving due consideration to the plain language of section 1.1502-77(a), Income Tax Regs., and this Court's holding in J & S Carburetor Co. v. Commissioner, supra, we conclude that respondent's position regarding the Court's lack of jurisdiction in the present cases is well taken. Entertainment and Hourglass cite Community Water Serv. Co. v. Commissioner, supra, and Normac, Inc. v. Commissioner, 90 T.C. 142 (1988), in support of their contention that they should be permitted to invoke this Court's jurisdiction. As discussed below, however, their reliance on these cases is misplaced. In Community Water Serv. Co. v. Commissioner, supra, *411 the Board of Tax Appeals rejected the Commissioner's contention that article 16(b) of Regulations 75 (June 3, 1929), a predecessor to section 1.1502-77(a), Income Tax Regs., proscribed the filing of a petition with the Board by the subsidiaries of an affiliated group whose common parent was in bankruptcy. Clearly, the holding in Community Water Serv. Co. is contrary to this Court's view of the law as articulated in J & S Carburetor Co. Under the circumstances, we conclude that Community Water Serv. Co. has been sapped of its vitality and is no longer apposite. We are likewise not persuaded that Normac, Inc. v. Commissioner, supra, dictates a different result in these cases. Although Normac, Inc. did involve the question of the Court's jurisdiction in respect of a petition filed by a subsidiary corporation, such corporation was not part of an affiliated group of corporations filing a consolidated return. In this regard, Normac, Inc. is inapposite with respect to the capacity issue presented in the present cases. Finally, although we hold that Entertainment and Hourglass are precluded by section 1.1502-77(a), Income Tax Regs., *412 from filing petitions with this Court, we note that their interests in these proceedings are adequately protected. In particular, the petition filed by ECA is considered as having been filed by Entertainment and Hourglass as well. Sec. 1.1502-77(a), Income Tax Regs. Accordingly, the concern expressed by Entertainment and Hourglass regarding immediate assessment of the deficiencies in dispute is unwarranted. In order to reflect the foregoing, An order granting respondent's Motion to Dismiss for Lack of Jurisdiction will be entered in each docket. [3]
*413 Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The petition at docket No. 4301-95 is captioned "Entertainment Corporation of America and Subsidiaries". The penultimate sentence of the first numbered paragraph of the petition states as follows: "Petitioner is the designated agent for the consolidated group which is composed of the Petitioner and its subsidiaries, Entertainment Systems, Inc. and Hourglass Corporation."↩
3. The contention made by Entertainment and Hourglass that respondent's jurisdictional motions were untimely because they were filed 3 days late under Rule 36 is without merit. Brown v. Commissioner, 78 T.C. 215, 218↩ (1982) ("It is well settled that this Court can proceed in a case only if it has jurisdiction and that either party, or the Court sua sponte, can question jurisdiction at any time."); see also sec. 7502(a) (timely mailing treated as timely filing).